[No. 6317.]

DOBBINS v. GRAER.

1.  **Sub-Contractor — Liability to Original Contractor —** The sub-contractor is liable to the original contractor for a default which the latter is required to make good.—(12)

2.  **New Trial—Verdict Manifestly Against the Weight of Evidence** should be set aside.—(12)

3.  **Evidence—Reasonable Value—Evidence** of the wages

actually paid to men regularly employed by a railway company, is some evidence of the value of such services.—(13)

And the time pay-roll of the men who performed the service, with the testimony of those by whom the time and pay-roll was kept, to its accuracy, is competent evidence of such value.—(14)

4. **Contracts—Implications**—Where one contracts with a railway company to unload all its coal into chutes, at all its coaling stations, and the contract is sub-let to another, as to part of the road, it is implied that if the latter neglects to keep in the chutes coal sufficient to supply the locomotives, either the railway company or the original contractor may do so, and that the sub-contractor will be chargeable with the reasonable cost and expense thereof.—(13)

An agreement implied by the law, need not be expressed; its expression adds nothing to its effect.—(13)

5. **Trial—Question for the Court**—Where the execution of a contract, in writing, is undisputed, as well as the circumstances surrounding its execution, the question of what agreements are implied from that expressed, is for the court.—(14)

*Appeal from Denver County Court* — Hon. CHARLES MCCALL, Judge.

Mr. WILLIAM B. RODDA, Mr. S. D. LIEURANCE and Mr. BERNARD J. FORD for appellant.

Mr. LUCIUS W. HOYT and Mr. GEORGE P. WINTERS for appellee.

Appellant Dobbins (defendant below), whose office and residence was in Denver, contracted with the D. & R. G. R. R. Co. to unload its coal into chutes at all its coaling stations. He sublet, by verbal agreement, Glenwood Springs to Graer, appellee (plaintiff below), at 7¾ cents per ton, who had the contract from January to July. A part of the time Graer neglected to unload the coal or keep enough in the chutes for the company's locomotives. In order to supply its motive power, it was obliged at times to unload the coal, which it did with its section crews. The company was paying these men $1.40 a day, and their time at this rate, unloading said coal, amounted to

the sum of $109.30, which, as a force account, the railroad company charged to Dobbins, and Dobbins in turn charged to Graer, and held out of his pay. The case originated in a justice of the peace court without written pleadings. Counsel for appellee say in their brief:

"The only dispute between them is as to the amount and value of the section labor that had been put upon the work, and whether anything should be deducted for this section labor from the agreed amount due Graer."

Verdict in the county court was for the plaintiff. Motion for new trial overruled. Judgment pronounced on the verdict. The case is here on appeal.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. Each of said propositions of counsel must be resolved against them. The evidence of the necessity, amount and value of the labor is overwhelming, and the law is that Graer should be holden for it, and it should be deducted from any moneys due him for unloading the coal.—*McGonigle v. Klein,* 6 Col. App. 306.

2. The court erred in not sustaining the motion for a new trial. Where the verdict is manifestly against the weight of the evidence, it should be set aside.—*D. & R. G. R. R. Co. v. Peterson,* 30 Colo. 77; *Beulah M. Co. v. Mattice,* 22 Colo. 558; *Manufacturing Co. v. Collins,* 13 Col. App. 14; *Hoover v. Young,* 23 Colo. 517; *Lamar M. & E. Co. v. Craddock,* 5 Col. App. 203.

The jury allowed plaintiff pay for unloading all the coal, but allowed defendant nothing for the part the section men unloaded. Plaintiff could not recover for the coal unloaded by the section men and not pay for their labor. A verdict based upon such a theory is so manifestly wrong, it should be set aside.

3.   It is argued there was no evidence what the
services of said section men were reasonably worth.
In this, counsel are mistaken.   The undisputed evi-
dence shows they were the ordinary railroad section
men at Glenwood Springs, regularly employed by the
company at $1.40 per day.   This is some evidence of
the reasonable value of their services.   Besides,
plaintiff testified that he and his sixteen-year-old son
were employed in July of the same year, at the same
place and in the same kind of work; that he received
$2.50 and his boy $1.50 per day, which was reasonable
compensation.   Inferences are as permissible here as
in other matters of evidence.

4.   The case seems to have been tried upon a
mistaken theory.   There was an implied agreement
that if plaintiff neglected to keep sufficient coal in
the chutes to supply the locomotives, either defend-
ant or the railroad company could do so, and the
plaintiff would be chargeable with the reasonable cost
and expense thereof. — *McGonigle v. Klein*, 6 Col.
App. 306.

Defendant testified there was such an express
agreement.   Plaintiff swore nothing was said about
it at the time of making the contract, so the court
left it to the jury.   This was error.   Defendant say-
ing there was such an express agreement and plain-
tiff saying there was nothing said about it, added
nothing, no difference which the jury believed.
Things implied need not be mentioned, and, if men-
tioned, add nothing to the contract.   In this case, the
jury should have been told by the court, as a matter
of law, that there was an implied agreement to pay
for unloading said coal, if plaintiff neglected to do it.
In any case where it becomes necessary to submit to
the jury, whether an implied contract exists, it is the
duty of the court to tell them what facts, when found

by them, will constitute an implied agreement; but this only becomes necessary, ordinarily, where the facts are disputed. Where the making of the contract and all the circumstances surrounding its execution are undisputed, as in this case, the question of what implied agreements, if any, enter into it, is a question of law for the court.

5. The section men's time and pay roll while unloading the coal, furnished by the railroad superintendent, was offered in evidence and excluded. Taken in connection with the oral evidence of the two section foremen who superintended the work and kept the time of these men, and who testified to its accuracy, and that the time of the men, as given, was correct, it was competent evidence.

Reversed and remanded.        *Reversed.*

Chief Justice Campbell and Mr. Justice Musser concur.