[No. 8459.]

## COLORADO POSTAL TELEGRAPH COMPANY V. CITY OF COLORADO SPRINGS.

1. CONSTITUTIONAL LAW—*Police Power—Obligation of Contracts.* All rights are held subject to the police power. Neither the state nor any of its political subdivisions can surrender it, or contract it away. (562, 563.)

A municipal ordinance passed in the exercise of the police power, is not to be condemned because impairing a previous contract of the municipality. (565.)

2. MUNICIPAL CORPORATIONS—*Presumptions as to Legislation.* A city council, as well as the legislature of the state, is presumed to act in good faith in all legislation. Every ordinance is *prima facie* valid. Any unreasonableness alleged in its exactions must be made clearly to appear. (563.)

The city council adopted an ordinance requiring corporations using poles and wires for the conduct of electricity to pay a license fee. The defendant assailed the ordinance as a mere revenue measure, and a violation of its rights under a prior ordinance of contractual character. *Held* that the burden of establishing the invalidity of the ordinance rested upon defendant; that it was for the municipal authorities to determine the necessity for the regulations in question; that it was not to be assumed that the fees collected under the ordinance would not be applied to the expense of

making the inspection contemplated thereby, and nothing appearing to show what this expense might be, it could not be determined that the fees imposed would exceed the necessary expenditure, or that the ordinanc could properly be regarded as a mere revenue measure; that it was to be presumed that if the enforcement of the ordinance should result in a large excess over the expense of its enforcement, the license fee would be diminished, and that this presumption was fortified by the circumstance that the city had already made a reduction in the fee at first prescribed; that even a large excess as the result of the enforcement of the ordinance for a single year would not justify the conclusion that it was merely a revenue measure, or unreasonable. (561-575.)

3.  INTERSTATE COMMERCE—*Immunities Of.*  Interstate commerce may be lawfully burdened with the necessary expense of inspection laws, or regulations for the public health, welfare and safety.   (564.)

*Error to El Paso County Court.*  Hon. W. P. KINNEY, Judge.
    *En Banc.*

Messrs. BENEDICT & PHELPS, for plaintiff in error.

Mr. J. L. BENNETT and Mr. BARTOW H. HALL, for defendant in error.

Opinion by Mr. Justice TELLER.

On July 30, 1913, the defendant in error passed an ordinance which required all corporations, companies, and concerns using poles, wires, etc., to pay an annual license fee of a stated sum per pole, and a stated sum per mile of wires strung on poles, and a stated sum per mile for underground wires and conduits. This ordinance was amended in January 1914 so as to make the license fees but one half what they were in the first instance.

The plaintiff in error is carrying on business in the City of Colorado Springs under ordinances passed in 1890 and 1891 granting to the Postal-Cable Telegraph Company the right to operate its lines in said city, to which right the plaintiff in error has succeeded.

The plaintiff in error having refused to pay said fees, an action was brought in the Police Magistrate's Court to recover the penalty imposed by the ordinance for such fail-

ure to pay.  The defendant in the action having been found guilty was fined the sum of fifty dollars.  On appeal to the County Court the case was heard upon an agreed statement of facts, and the evidence submitted on both sides.  The issues were found for the plaintiff, and a fine of fifty dollars imposed on the defendant.

The case is here on error to that judgment.

The plaintiff in error alleges that the ordinance is void on its face (1) because it does not exempt from its operations telegraph companies engaged in interstate commerce, and in the transaction of business with and for the government of the United States; (2) because it impaired the obligations of contracts between the City and plaintiff in error's predecessor; (3) because it imposed burdens on interstate commerce, and business with the federal government; (4) because it was enacted, in fact, as a revenue measure; (5) because it is unreasonable; and (6) is in conflict with article XIV of the Constitution of the United States.

In support of the first ground of objection to the ordinance, counsel cite several cases in which ordinances or statutes were held void; but all of those cases involved taxes levied for revenue, and are not in point, unless the fourth ground of objection, that this is a revenue measure, is good. The determination of that question will also dispose of the second objection, that the ordinance impairs the obligation of a contract, since, if it be found that the ordinance was passed in the exercise of the police power, it cannot be held subject to the second ground of objection.

All rights are held subject to the police power, and neither the state nor any of its political subdivisions can contract it away.  *Colorado & Southern Ry. Co. v. Ft. Collins*, 52 Colo. 281, 121 Pac. 747, Ann. Cas. 1913D 646.  In *Boston Beer Co. v. Massachusetts*, 97 U. S. 25, 24 L. Ed. 989, the court said:

"Whatever differences of opinion may exist as to the extent and boundaries of the police power, and however difficult it may be to render a satisfactory definition of it, there seems to be no doubt that it does extend to the protection of the lives, health and property of the citizens, and to the preservation of good order and the public morals. The Legislature cannot, by any contract, divest itself of the power to provide for these objects. They belong emphatically to that class of objects which demand the application of the maxim, *Salus populi suprema lex;* and they are to be attained and provided for by such appropriate means as the legislative discretion may devise. That discretion can no more be bargained away than the power itself."

In *Hot Springs Light Co. v. Hot Springs,* 70 Ark. 300, 67 S. W. 761, cited in support of the second ground of objection, where the court had under consideration an ordinance requiring the Light Company to pay for the use of the streets, it was held that the ordinance violated a contract between the city and the company. The court said:

"We know that a city cannot contract away its police power, and that the city has the right to inspect the poles and wires of this company to see that they are kept in safe condition, and it is possible that the city may, notwithstanding this contract, have the right to impose the cost of such inspection upon the company."

It held, however, that it was not called upon to decide that question since there was no claim that the charge was for inspection.

Is this ordinance, then, a revenue measure or a police regulation?

A city council, as well as a state legislature, is presumed to act in good faith in legislating on public questions. "We cannot lightly attribute improper motives to the law making power;" *Red "C" Oil Mfg. Co. v. Board of Agriculture,* 222 U. S. 380, 56 L. Ed. 240, 32 Sup. Ct. 152, and it

is for plaintiff in error to show that this is in fact merely a revenue measure.

It is urged that the conditions up to the time the ordinance was passed, as well as since, show no necessity for it, and that through it the city may receive a considerable revenue with no increase in its expenditures. It was, however, for the city to determine as to the necessity for the ordinance, and we are, under the above stated rule, not at liberty to assume that the fees collected will not be applied to the expenses of making the contemplated inspection. We may agree with counsel that, because it has been held that a corporation may be made to pay the cost of public supervision of its property and instrumentalities, when it so carries on its business as to justify such supervision, it would follow that no supervision is justified when the business is so carried on as not to need supervision. That, however, does not aid counsel's case, since it was in this instance the City Council which had the right to determine what was needed.

It appears that the plaintiff in error has in the city 280 poles and a fraction over 44 miles of wire, on which the fees amount to $174.63 per year. The ordinance deals at length with its subject, requiring different fees under differing circumstances, according as the wires are suspended on poles, or carried underground, and varying again according to the voltages carried. On its face it appears to be well designed to protect the health and property of the citizens of the city. The total of the fees receivable from the companies affected, not including the plaintiff in error, is $4719.01.

We are not informed what is or will be the reasonable outlay by the city for the supervision contemplated by the ordinance, and we cannot, therefore, say that there will be any excess from which may properly be drawn an inference that this is a mere revenue measure.

If it be found that the receipts average largely more than enough to pay the expenses, the presumption would be that the city would moderate the charges.  *Patapsco Co. Guano Case,* 171 U. S. 354, 43 L. Ed. 191, 18 Sup. Ct. 862; and this presumption is strengthened by the fact that the fees were reduced by one half, after the ordinance had been in effect for six months.  As the amended ordinance had been in force but a few months when this case arose, it is impossible to determine with any degree of accuracy what the expense will be.  Even if the expense for a single year were known, and appeared excessive, we should not for that reason be justified in holding the ordinance a revenue measure, or unreasonable.  *W U. Tel. Co. v. New Hope,* 187 U. S. 426, 47 L. Ed. 240, 23 Sup. Ct. 204.

We hold, therefore, that the ordinance is a police measure.

Here we may mention, what follows, indeed, from what has been said as to the inability of the state or a municipality to divest itself of the power to legislate for the public health, safety and welfare, that an imposition clearly laid under the police power, is not regarded as a burden on interstate commerce, nor can it be held to impair the obligation of a contract.

Interstate commerce may lawfully be burdened with the necessary expense of enforcing inspection laws.  *Foote & Co. v. Stanley,* 232 U. S. 495, 58 L. Ed. 698, 34 Sup. Ct. 377; *Leloup v. Port of Mobile,* 127 U. S. 640, 32 L. Ed. 311, 8 Sup. Ct. 1383; *A. & T. Tel. Co. v. Philadelphia,* 190 U. S. 160, 47 L. Ed. 995, 23 Sup. Ct. 817; *W. U. Co. v. New Hope, supra.*

The fifth objection is that the ordinance is unreasonable.  The ordinance is *prima facie* valid, and the unreasonableness of the exactions must be made clearly to appear, and they must be obviously and largely beyond what is needed for the purpose intended in order to render the

ordinance void. *Foote & Co. v. Stanley, supra,* This is a question of fact: *A. & T. Tel. Co. v. Philadelphia, supra,*—and it was determined by the trial court on a conflict of evidence. We are not then called upon to consider this objection, but will say, in passing, that we think the court's finding was fully justified by the evidence.

The constitutional question raised by the sixth objection is stated only in general terms and not being argued by counsel for plaintiff in error, we will not consider it.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*