## No. 8963.

WESTERN COLORADO POWER COMPANY *v.* GIBSON LUMBER AND COAL COMPANY.

1. TRIAL—*Questions for Court.* The construction of a contract, if unambiguous, is for the court; to submit it to the jury is error.
2. —— *Instructions.* Where the plaintiff is entitled to recover only

upon the theory that a contract in writing was modified by a subsequent agreement in parol, the jury should be specifically so instructed.

*Error to Mesa District Court, Hon. Thomas J. Black, Judge.*

Mr. C. J. MOYNIHAN, Mr. R. H. WALKER, for plaintiff in error.

Messrs. WATSON & SMITH and Mr. BENJAMIN GRIFFITH, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought for the recovery of money alleged to be due for lumber furnished by plaintiff to defendant. The transaction was based upon a written contract incorporated in the pleadings, and also upon certain oral modifications thereof, the terms of such modifications being in dispute. Verdict and judgment were for plaintiff for $4,603.68 and costs. Defendant assigns error and brings the cause here for review.

The fourth and fifth assignments of error reach the questions of the propriety of an instruction given by the court, and of one tendered by the defendant and refused.

By the written contract the plaintiff agreed to furnish the lumber in question at the rate of $21.00 per thousand feet, board measure. The first and second items of the bill, which is expressly made a part of the contract, are for certain pieces 2x8x16, part of which are double-grooved and part single-grooved, "with splines," and each item is carried out in board measure. It appears that splines are narrow strips to fit the grooves cut into the larger pieces with which they are incorporated in the bill. From the itemized inventory it is clear that the splines were included therein and were to be furnished as a part of the bill of lumber. According to the written agreement, they were to be of the same quality of material as the balance of the lumber, white, or Engleman spruce. It is admitted that the specifications as to the kind of material was later orally modified as to the splines, and it was then agreed that they were to be of

Oregon fir. It is contended that defendant by oral agreement undertook to pay extra for the splines at one cent per lineal foot. The defendant denies that it was to pay for the splines as an independent item, and contends that they were to be furnished as part and parcel of the 2x8x16 pieces designated in the written contract.

The question of an agreement to pay for the splines as a separate and independent item was for the jury to settle under the evidence upon proper instructions. This item aggregates $1,819.00, with interest, and the determination of whether there was an independent and separate contract therefor becomes a matter of controlling import. The attention of the jury was called to this question by an instruction of the court in the following language:

"You are instructed that the original contract provided that the plaintiff furnish the defendant with white or Engleman spruce splines. If you find from the evidence that the contract as originally entered into was changed with the consent of both parties so that clear Oregon fir splines, surfaced on four sides, of dimensions of ½ by 1, should be furnished, and that at the time of such change the defendant expressly agreed to pay for such splines so furnished at the rate of one cent per lineal foot, then in estimating the amount of plaintiff's recovery you will give it credit for all splines furnished under the contract at that rate; should you find that there was no express agreement on the part of the defendant to pay one cent per lineal foot for the splines, then you should in estimating the amount of plaintiff's recovery give it credit only for the reasonable market value of the splines delivered, provided that should you find from the evidence that at the time of entering into the contract there was an understanding between plaintiff and defendant that no charge for splines should be made, then the plaintiff would not be entitled to recover anything on account of splines delivered unless after the original contract was entered into a modification was made requiring the delivery of Oregon fir splines, and that at the time of

such change the defendant agreed to pay for splines furnished at the rate of one cent per lineal foot."

Defendant objected and excepted to the giving of the foregoing instruction and requested the following instruction, which was refused, and to which refusal objection was made and exception saved, to-wit:

"You are instructed that the written contract of July 10, 1913, included and governed the furnishing of splines by plaintiff to defendant, and that under said written contract the defendant was to receive said splines free of charge; that afterwards it was agreed that the splines to be furnished by plaintiff were to be of clear Oregon fir, instead of white or Engleman spruce. You are further instructed that you will find for the defendant upon this item of splines unless you find, from a preponderance of the evidence, that there was an express agreement between the plaintiff and defendant that the Oregon fir splines should be paid for by defendant at the rate of one cent per lineal foot."

From the written contract it is plain that the splines were included in and covered by the bill of lumber of which they were clearly made an integral part. In other words, they were to be furnished without additional cost, as part of the grooved pieces, board measure. The inventory of the lumber specifically and definitely shows this and the jury should have been so instructed. The rule is well settled that where a contract is clear and unambiguous, its construction is for the court. *Good v. Johnson,* 38 Colo. 440, 88 Pac. 439, 8 L. R. A. (N. S.) 896; *Aaron v. Mo. & Kans. Telephone Co.,* 84 Kansas 117, 114 Pac. 211; *Brady v. Cassidy,* 104 N. Y. 155, 10 N. E. 131.

The sole question in this connection is whether the written contract, which provides for splines without additional charge, was supplemented by oral agreement providing for independent and separate pay therefor. This question, and this question alone, on this phase of the case, should have been submitted to the jury. Under the instruction given the court left it to the jury to determine whether, under

the written contract, splines were free or were to be charged for as a separate item. This was clearly error. On this point the defendant requested a correct instruction, and it was highly prejudicial not to give it. From the record it is impossible to say on what theory the jury returned its verdict, whether upon its construction of the written contract holding that it calls for pay for splines, as a separate and independent item, or upon a finding that there was an oral supplemental agreement providing that an extra charge was to be made therefor. It is only on the theory that there was such supplemental agreement that plaintiff could recover in this action for splines at all, and the jury should have been definitely and specifically so instructed. Failure to thus instruct the jury was fatal error.

Objections were made and error assigned upon other alleged errors, particularly as to the counter-claim. So far as this hearing is concerned, these assignments are not of controlling or vital importance, and we do not now deem a discussion of them necessary. Undoubtedly if errors were committed, as alleged and assigned in these particulars, a matter not now decided, upon a new trial, with more deliberate and painstaking consideration, such errors, if any there were, are not likely to occur again.

The judgment is reversed and the cause remanded for a new trial in harmony with the views herein expressed.

Judgment reversed and cause remanded.

Mr. Chief Justice Hill and Mr. Justice Garrigues concur.

Decided July 1, A. D. 1918. Rehearing denied December 2, A. D. 1918.