No. 13,704.

W. T. RAWLEIGH COMPANY *v.* DICKNEITE ET AL.

(61 P. [2d] 1028)

Decided October 19, 1936.

Mr. HARRY E. MAST, for plaintiff in error.

Mr. PERRY E. WILLIAMS, Mr. E. W. McDANIEL, for defendants in error.

*In Department.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the company, defendants in error as defendants, and one William E. Brazier as Brazier.

The company sued defendants as sureties on its contract with Brazier. Verdict and judgment were for defendants and the company brings error, contending, inter alia, that two instructions given were erroneous; two refused should have been given; and that the verdict was contrary to the evidence.

The company contracted to sell its products to Brazier, who agreed to pay therefor and also to pay balance due "under any and all former contracts." In consideration of the company's acceptance of this contract "or .* * * extending further credit" defendants guaranteed payments thereunder, also "agree to assume and pay any and all prior indebtedness that may be due and owing said seller [the company] on the date of the acceptance of this contract * * * for any and all goods, wares and merchandise previously sold to said buyer [Brazier] under and by virtue of any and all prior contracts." It was further stipulated "that the credit liability of this contract shall not exceed $1,400." This was the third contract of a series, identical save as to date and the $1,400 limitation, each succeeding one being a renewal of the preceding. When the last was accepted, January 3, 1933, Brazier's indebtedness under the former was $1,388. When suit was instituted, October 2, 1933, the balance due and sued for was $1,381.12. A bill of particulars was demanded and furnished in which the first item was dated May 20, 1931, and the last April 25, 1933. Debits in 1933 appear as of date January 11, 18 and 25, March 2, and April 6 and 25; credits January 10, 18 and 19, March 21, and April 5 and 25.

By instruction No. 1, requested and refused, the jurors were told that defendants were liable for the amount due from Brazier at the time the contract was executed, plus goods sold thereafter, less payments. No instruction given stated the substance of this.

278

By instruction No. 3, given, the jurors were told that if the contract was entered into, and based upon a "valid consideration" which was "carried out" their verdict should be for the company for $1,381.12. This was objected to as defective in that it failed to state that surrender of prior contracts constituted such consideration.

The construction of this contract was left to the jury. It was for the court. *Bauer v. Goldman,* 45 Colo. 163, 100 Pac. 435; *Western C. P. Co. v. Gibson L. & C Co.,* 65 Colo. 288, 176 Pac. 318.

A preexisting liability is a good consideration for a new promise; 13 C. J., p. 362, §228. Also, benefit to third person, Id., p. 325, §164. Consideration need not be in writing. It may be proved by parol or inferred Id., p. 367, §240.

A written instrument purports a consideration. *Grand Valley Irr. Co. v. Lesher,* 28 Colo. 273, 288, 65 Pac. 44. Where a consideration is recited an additional one may be proved. *Wheeler v. McNeill,* 101 Fed. 685.

The preceding contract, for which this was substituted and under which defendants' liability was slightly in excess of the amount here claimed, was ample consideration. Being for the same debt both could not stand. Goods furnished after this was executed constituted credit extended under it. That since its date more than their value was paid did not alter the situation. The facts are established by the evidence and uncontradicted. There was nothing to go to the jury. In any event instruction No. 3, given, should have been modified as requested, and instruction No. 1, refused, should have been given.

The judgment is reversed and the cause remanded with directions to enter judgment for the company in conformity herewith.

Mr. Justice Butler and Mr. Justice Hilliard concur.