Opinion by
Mr. Justice Sutton.
Ruhter, plaintiff in the trial court, by his complaint sought to establish a one-third interest as a partner or joint venturer in certain unpatented lode and placer claims. He also sought an accounting of proceeds received by defendants Latham and Weiss when Latham sold the properties in dispute to T. A. Roller, a trustee for certain purchasers.
The complaint alleged in some detail an asserted verbal agreement under which Ruhter was to prospect for metals and minerals on lands in Jackson County, Colorado, near where defendant Weiss had theretofore discovered evidence of valuable metals and minerals; that Ruhter was to locate placer and lode claims, mark boundaries, erect buildings, construct roads and otherwise assist Latham and Weiss; that he was to receive a one-third interest in all claims so located for his services. Ruhter then alleged performance on his part and *601 further alleged that he introduced Roller to Latham and Weiss to effect a sale of the claims for $3,000,000.00. The record discloses that of this amount $50,000.00 was paid down on a written contract.
Trial to the court resulted in a voluminous record of both testimony and exhibits, following which a mistrial was declared. Thereafter, pursuant to a written stipulation, the parties had the matter determined by a second trial judge based on the original record. Written findings of fact and conclusions of law were entered on January 23, 1961, dismissing the complaint with prejudice. Motion for a new trial was dispensed with.
Following oral argument at the second trial the trial judge rendered his decision from the bench in which he discussed at some length the evidence before the court. The gist of his remarks was that he deemed the evidence to be evenly balanced and that Ruhter could not prevail because he failed to present a preponderance of the evidence. The court stated:
“If either plaintiff or defendant had submitted their evidence on default and undenied, the Court wouldn’t have any hesitation in finding in favor of that party. * * * The Court is obliged to make a choice. * * * .”
The trial court then proceeded to describe at some length its reaction to defendants’ Exhibits 4, 5 and 6, (being carbon copies of letters from Latham to Ruhter introduced in evidence) and commented that none of them mentions a joint venture or joint interest and in fact that in his view two of them were adverse to Ruhter’s position. It concluded this analysis by stating:
“Imposing upon him as we must the burden of proof and we will say by a preponderance of the evidence, we would eliminate this correspondence prior to December, 1957, and the best I can say for it is that the evidence is in equilibrium * * and we all know what the result of that would be * * *. * * * I am prepared to find that plaintiff has not proven his case by a preponderance of the evidence but in fact the preponder *602 anee and the legitimate inferences are against him. * * * I might go on further and add this: that if the Court were finding for the plaintiff (as the Court is not) then the affirmative defenses are insufficient.
Ruhter urges several grounds for reversal, all of which we find to be without merit; however, his seventh alleged error warrants some comment. In it he states that “The Lower Court erred in receiving exhibits which were self-serving and which were admitted without proper foundation and without proof of their veracity.” The exhibits referred to are defendant’s Exhibits 4, 5 and 6 offered by Latham and Weiss. These exhibits contain the following pertinent language: Exhibit 4, a copy of a letter dated May 24, 1956, stated in part:
“As I informed you, practically all the staking on my project has been completed, however, I have caused the staking to be done according to the regulations issued by the U. S. Department of Interior and the State of Colorado. If your theory of staking is proper, I would like to employ this method in finishing my claims. ❖ í¡;
Exhibit 5, a copy of a letter dated September 13, 1956, stated in part:
“This brings up the question of your activities in this former open area. Hereafter please remember that I will not tolerate any one using these new claims for any purpose adverse to my interest in the same.
“I will be obliged if you remember this when in the area and I shall look forward to you respecting my rights in all of my claims.”
Exhibit 6 is a carbon copy of a four paragraph letter dated December 10,1956, which stated in part:
“So that there will be no future misunderstanding between us about our respective claims in the Bearpaw region, I would like to have a conference with you about the claims which you caused to be staked and your repeated trespassing upon my claims.
*603 “In making this appeal to you, I am not unmindful of your legatious (sic) thinking and being an apprehensive soul, I would like to have a definite understanding with you, once and for all.”
Though it is true that these three exhibits could under normal circumstances and standing alone be deemed to be self-serving declarations by Latham, they must be viewed with all other circumstances of the case in mind. First of all they were written before any dispute arose as to the sale of the claims by Latham. This alone, however, will not make them admissible for in Stone v. Union Fire Ins. Co., 106 Colo. 522, 107 P. (2d) 241 (1940), it was held that:
“ ‘It is a well established general rule that a statement of a party, whether oral or written, which is of a self-serving nature, is not admissible in evidence in his favor. While such statements are usually made because the declarant is for some reason interested, at the time, in having the fact supposed or believed to be as stated by him, the element of present interest is not essential, for it has been considered that the rule applies with full force notwithstanding the fact that the declarant was disinterested at the time when the statement was made. * * * .’ 22 C.J., p. 220, §193.”
But in Western Motor Rebuilders, Inc. v. Carlson, 138 Colo. 404, 335 P. (2d) 272 (1959), it was also pointed out that one consideration to weigh in viewing a' litigant’s position is what he did or said before the dispute arose. In addition there are certain exceptions to the rule stated in Stone, such as where two persons have carried on a correspondence and one of them makes statements which call for a denial if not true, or where unanswered letters, though not part of a mutual correspondence, may be admissible when they form part of the res gestae, relate to an existing contract between the parties, or show a demand made or notice given thereby. See 20 Am. Jur., Evidence, §691; and, Annot. 8 A.L.R. 1163, supplemented in 34 A.L.R. 560 and 55 *604 A.L.R. 460. Thus Stone must be read with these considerations in mind.
Here the letters, in addition to being written before the sales dispute, were part of a mutual correspondence relating to the claims in question and the parties dealing with them. Moreover, defendants’ Exhibit 7 and plaintiff’s (Ruhter’s) Exhibit D confirm Latham’s statements made in the questioned letters. The former is a handwritten letter dated December 26, 1956, from Ruhter to Latham which states the former was thinking about the Bear Paw claims and proceeds to discuss some assay materials from that area. Then on page three appears the question: “Are you still interested in selling your claims? I have a man coming down in the next 10 days, who is interested in buying all my mining claims including the properties at Gould * * (Emphasis supplied.) The latter place is the postoffice for the Bear Paw area. It appears that the man who was coming down was Roller, one of the defendants here, who was interested in buying properties for a syndicate. Exhibit D is an original signed letter dated January 24, 1957, from Latham to Ruhter. It obviously is in reply to Ruhter’s letter of December 26, 1956, for it states:
“I have discussed the question of selling the claims with Oscar Weiss and we are both of the opinion that we would be willing to enter into an arrangement for the sale of the same for the sum of $3,000,000.00 in cash and a 15% over riding royalty. We also feel that a 10% commission for making the sale is not out of line.
“Be sure and let me know when you propose to come to Denver about this matter as I am planning a trip and I would like to arrange matters so that we can discuss this proposed sale as quickly as possible.”
Thus it appears that defendants’ Exhibits 4, 5 and 6 could not have prejudiced Ruhter’s position for he himself made a distinction as to “your” claims and “my” claims. In addition, the trial court with an abundance of caution was careful to point out that in the absence *605 of the carbon copies objected to, it still would have held as it did. We find no error in the admission of the letters in question.
A review of this record and the various exhibits show a wide divergence in the contentions of the parties as to just what happened. Clearly, Ruhter and Latham had some sort of dealings between them. Both apparently were staking claims in the Bear Paw area. Possibly Ruhter did certain work for Latham and Weiss for which he was entitled to be paid. Probably he was the one who engineered the sale to Roller. But, on the issue of whether there was any agreement that he was to be a one-third owner of the Latham-Weiss claims, careful review of this record convinces us, as it did the trial court, that Ruhter did not prove his case by a preponderance of the evidence.
The judgment is affirmed.
Mr. Justice McWilliams and Mr. Justice Pringle concur.