## No. 23269.

GRANT INVESTMENTS CO., A COLORADO CORPORATION *v.*
FULLER & COMPANY, A COLORADO CORPORATION.

(464 P.2d 859)

Decided February 2, 1970.    Opinion modified and as modified
rehearing denied February 24, 1970.

ALLEN P. MITCHEM, for plaintiff in error.

FEDER, MORRIS & KORTZ, HAROLD A. FEDER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THIS matter is here to review the action of the trial court in denying a motion to dissolve an attachment. The plaintiff in error was defendant in the trial court and will be so designated. The defendant in error was, and will be referred to as, the plaintiff. We conclude that the district court should have ruled that the attachment was wrongfully issued. We therefore reverse.

Defendant was in the process of constructing an office building. Plaintiff was a real estate broker. On June 27, 1966, the parties entered into a listing agreement under which the plaintiff was to attempt to procure a lessee of space in the building and was to be compensated upon a commission basis. The listing agreement contained the following provisions:

"Owner [defendant] agrees if in the event a lease is negotiated that a full cash commission will be payable to Fuller & Company at the time of the closing of the permanent financing on the above described property. In the event the permanent financing is not in the amount

of $215,000.00, or more, then the above described commission shall be payable over a two year period. In no event shall the above mentioned commission exceed $24,000.00."

On July 8, 1966, the plaintiff procured a lease by virtue of which he was entitled to a $24,000 commission. On September 25, 1967, permanent financing was obtained by the defendant. This was in an amount greater than $215,000.

On October 9, 1967, plaintiff filed its complaint for judgment against the defendant for $24,000 plus interest. On the same date, plaintiff sued out a writ of attachment in the action under an affidavit stating that the demand was for services rendered which should have been paid upon the completion of such services on September 25, 1967. A number of garnishment writs issued under the attachment were served upon tenants of the building. The defendant then moved that the attachment be dissolved. It was defendant's position that the plaintiff had fully performed its services on July 8, 1966, and, since the commission was not payable prior to September 25, 1967, credit had been extended for the payment of the commission. Therefore, according to defendant, the commission was not payable at the time the services were completed as required by R.C.P. Colo. 102(b)(11). This portion of the rule provides that a ground of attachment shall be:

"That the defendant has failed or refused to pay the price or value of any work or labor done or performed, or for any services rendered by the plaintiff at the instance of the defendant, and which should have been paid at the completion of such work or when services were fully rendered."

The plaintiff contends that its services included assistance in obtaining financing and, therefore, its services were not completed until September 25, 1967 at which time the commission was due and payable. A representative of plaintiff attended some of the meetings

between defendant's representatives and the financing institution. We find no evidence in the record that plaintiff's representative took an active part in any such meetings or that he was requested by defendant to be present.

Counsel for plaintiff maintains that the listing agreement is plain and unambiguous in its terms. At least, insofar as the question before us is concerned we agree. Counsel further contends that it is implicit in the agreement that the plaintiff render services in connection with financing. With this we disagree. We can find nothing in this agreement which cast any duty upon the plaintiff beyond procuring a lease; and, more particularly, there is nothing in the agreement which places upon plaintiff an obligation to assist in obtaining financing. Under the undisputed fact that the lease was procured on July 8, 1966, the conclusion is inescapable that plaintiff had concluded its services on that date. Under the terms of the listing agreement the commission was payable on September 25, 1967, the date permanent financing was arranged. This was over a year after the services were completed. This being the case, the attachment was wrongfully issued. *Morris v. Everly,* 19 Colo. 529, 36 P. 150.

The plaintiff has argued that the trial court's determination was upon conflicting evidence and that we should not disturb its ruling. On the contrary, there is no dispute either as to the contents of the agreement, or as to the procurement of the lease on July 8, 1966, or as to the commitment of financing on September 25, 1967. These are the material facts involved, and we are making therefrom a conclusion of law contrary to that of the trial court. This is our right and duty. *Radke v. Union Pacific Railroad Company,* 138 Colo. 189, 334 P.2d 1077. It is implicit in our ruling that the construction of a contract whose terms are unambiguous involves only issues of law rather than issues of fact. *Western Colo. Power Co. v. Gibson Lumber & Coal Co.,* 65 Colo. 288,

176 P. 318 and *Dobbins v. Graer,* 50 Colo. 10, 114 P. 303. For the same reason, there is no merit in the plaintiff's contention that a motion for new trial was necessary. Plaintiff relies on *Kopff v. Judd,* 134 Colo. 330, 304 P.2d 623, decided in 1956. The ruling of this case, however, was changed partially by R.C.P. Colo. 59(h) which was adopted in 1964.

■ We find no merit in the plaintiff's suggestion that, since judgment has been entered in favor of the plaintiff and against the defendant, the question of the propriety of the writ of attachment is moot. The trial court refused to order the garnishees to pay into court any moneys payable by them to defendant for the reason that it concluded that it was without jurisdiction as the attachment was the subject of a writ of error here. The plaintiff has argued that in the light of this and with the further fact that security is posted for payment of the judgment, the validity of the writ of attachment has become moot. This argument is without merit. The issue as to whether the attachment was wrongful is not moot.

■ Prior to commencement of the action the plaintiff made a demand upon the defendant for payment of the commission and the defendant made no response thereto. The plaintiff contends, therefore, that the defendant is estopped to attack the attachment. We fail to see anything involving estoppel in this, and, even more, fail to see the applicability of *Ruhter v. Latham,* 150 Colo. 599, 375 P.2d 676 which plaintiff cites as authority for the proposition.

The judgment is reversed and the cause remanded with directions that the court grant the motion to dissolve the attachment and for consequential proceedings, if any, that may ensue.

Mr. Chief Justice McWilliams, Mr. Justice Pringle and Mr. Justice Kelley concur.