**Esther SMARTT, Plaintiff-Appellant,**

v.

**NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, Defendant-Appellee.**

**No. 78–1137.**

Colorado Court of Appeals, Div. II.

Aug. 30, 1979.

Rehearing Denied Oct. 4, 1979.

Certiorari Denied Dec. 3, 1979.

Anderson & Gehlhausen, John Gehlhausen, Lamar, for plaintiff-appellant.

Johnson, McLachlan & DiCola, Larry Stutler, Anthony J. DiCola, Lamar, for defendant-appellee.

SMITH, Judge.

In August of 1975, Esther Smartt was involved in an automobile accident which resulted in her sustaining a broken bone in her upper arm. At the time of her injury she was insured in accordance with the Colorado No Fault Insurance Act by a policy issued by the defendant, National Farmers Union Property and Casualty Company (Farmers). In February of 1976, Smartt tripped in her bathroom and fractured the same bone in her arm. There was no evidence to connect the "tripping" with the previous accident. She submitted to Farmers bills and a list of expenses incurred after the fall. Payment was refused, and this action to recover those expenses was thereafter initiated.

Both parties filed motions for summary judgment. The trial court granted Farmers' motion, and Smartt appeals. We affirm.

Smartt argues that her cause should not have been dismissed, asserting that her subsequent fracture was a second injury which was caused by or contributed to by the original accident. In support of this argument, Smartt submitted an affidavit by her treating physician which indicated that the broken bone in her arm was afflicted with osteoporosis, a thinness of the bone, as a result of the fracture occurring in 1975. Smartt asserts that this condition was one of the causes of the subsequent fracture and that thus she is entitled to compensation from Farmers. We disagree.

Farmers' policy provided in applicable part that:

"The company will pay, in accordance with the Colorado Auto Accident Reparations Act, personal injury protection benefits for:

(a) medical expenses . . .(d) essential services expenses . . .

incurred with respect to bodily injury sustained by an eligible injured person caused by an accident arising out of the use or operation of a motor vehicle as a motor vehicle."

A condition precedent to liability under the policy then is an accident "arising out of the use or operation of a motor vehicle." There is no contention that the fall in the bathroom resulted from, or arose out of the operation or use of a motor vehicle. Thus, under the unambiguous terms of the policy, summary judgment for Farmers was proper.

Although the previous automobile accident may have increased the likelihood that any subsequent accident might result in more extensive damages, the No Fault Act does not contemplate holding a personal injury protection carrier liable in perpetuity for the increased susceptibility to injury of an insured who once suffers injury in a covered accident. See § 10–4–701 et seq., C.R.S. 1973. Nor does our interpretation of the policy language require coverage this extensive. The scope and interpretation of policy language is a question of law, *Grant Investments Co. v. Fuller & Co.*, 171 Colo. 86, 464 P.2d 859 (1970), and thus may, if dispositive of a claim, justify summary judgment of dismissal. *Bunger v. Uncompahgre Valley Ass'n*, Colo., 557 P.2d 389 (1976).

Judgment affirmed.

ENOCH, C. J., and PIERCE, J., concur.