**NATIONAL INSURANCE UNDERWRITERS, by its attorney-in-fact, NATIONAL AVIATION UNDERWRITERS, Plaintiff,**

v.

**Elma D. MARK, Defendant.**

**Civ. A. No. 88–B–767.**

United States District Court, D. Colorado.

Jan. 30, 1989.

James C. Tienken, Barry F. Benson, Weller, Friedrich, Ward & Andrew, Denver, Colo., for plaintiff.

Victoria C. Swanson, Schaden, Heldman & Lampert, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff National Insurance Underwriters by its attorney-in-fact National Aviation Underwriters (National) filed suit in this Court seeking a declaratory judgment to determine its liability under an aviation insurance policy. Pending before the Court is Plaintiff's motion for summary judgment. Jurisdiction exists pursuant to 28 U.S.C. § 1332 and § 2201.

Having thoroughly reviewed the briefs, affidavits, and other records submitted by the parties in support of their respective positions on this motion, I believe that oral argument will not materially assist the Court in the resolution of this matter.

There are no material facts in dispute in this case which arises out of the 1985 crash of a private plane in which the pilot, Scott Smith, and his passenger, Laura L. Mark, were fatally injured. Smith and Mark flew out of Valley View Airport, LaSalle, Colo-

rado on their way to Durango, Colorado. At the time of their departure, the weather was extremely poor. Shortly after takeoff, the aircraft crashed in a nearby field killing both occupants.

In 1987, Elma D. Mark, mother of Laura Mark, brought an action against the estate of Scott Smith in the District Court of Weld County, Colorado. The parties entered into a stipulated judgment in the amount of $100,000 against the Estate of Scott R. Smith and in favor of Elma D. Mark, which will be payable if this Court finds against National which insured Smith under an aviation insurance policy. National subsequently filed this declaratory judgment action asserting that Smith violated a provision of the insurance policy and as a result, National contends that it is not liable under the policy.

Defendant argues in opposition to National's motion for summary judgment that the insurance policy exclusion should not be enforced against a claim by a passenger, as it violates public policy.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Moreover, where, as here, both parties agree that there are no genuine issues of material fact in dispute and that the issues remaining involve questions of law, summary judgment is appropriate. *Smartt v. National Farmer's Union Property and Casualty Co.,* 43 Colo.App. 195, 605 P.2d 479 (1979). When a federal district court hears a diversity suit, it sits as a state trial court and thus the law of Colorado applies in this case. *Brady v. Hopper,* 751 F.2d 329 (10th Cir.1984).

■ An insurer has the right "to decide what it will and will not insure against provided that the provision is not against public policy." *O'Connor v. Proprietors*

*Insurance Co.,* 696 P.2d 282 (Colo.1985). Public policy does not favor the forfeiture of insurance coverage based on the insured's technical violations of an insurance policy. *Id.* However, when an aviation regulation has been violated and the aviation regulation is clearly or implicitly safety related, a clear, plain, and unambiguous exclusion will be applied according to its terms unless the insured can show that the violation of the regulation was not a cause of the accident. *Id.*

■ The clear, plain, and unambiguous provisions of the insurance contract here provide:

PILOT REQUIREMENTS AND AIRCRAFT USE. There is no coverage under any part of this policy if an aircraft we insure is:

(1) Operated in flight by a pilot not licensed and qualified for the aircraft and flight involved or who does not meet all requirements of Item No. 7—Pilots on "Your Coverage Schedule."

Item No. 7—Pilots on "Your Coverage Schedule"

This policy applies when the aircraft is in flight:

(A) only when being operated by the Pilot(s) named or designated below,

Smith, Scott

Hersch, John

(B) ... and while properly rated for the flight and aircraft....

Smith possessed a VFR (visual flight rules) rating only. For a VFR rated departure at an airport such as Valley View, federal aviation regulations require that there must be at least one statute mile of visibility and a cloud base high enough to enable an aircraft to remain clear of the clouds during takeoff. 14 C.F.R. § 91.105. The weather conditions prevailing at the time of Smith's takeoff included ¼th mile visibility and an indefinite ceiling due to heavy fog. According to federal aviation regulations, in order to depart in such weather conditions, a pilot must possess an IFR (instrument flight rules) rating. 14 C.R.F. 61.3(e). It is undisputed that Smith did not have an IFR rating but possessed

merely a VFR rating. Smith was not "properly rated for the flight" in question. Thus, under the terms of the policy, "there is no coverage under any part of [the] policy."

The federal visual and instrument flight regulations and the exclusion in Item 7 of the insurance policy are clearly safety-related. Further, Defendant has failed to make any showing that Smith's lack of qualifications for flight during such weather conditions was not a cause of the accident. Moreover, Smith's flying in IFR weather conditions while possessing only a VFR rating was not a mere technical policy violation.

As a matter of law, the "pilot requirement" exclusion of National's policy is valid and not against public policy, *O'Connor*, *supra*. Therefore, under the clear, plain, and unambiguous language of the policy, no coverage was provided to Scott by his insurance policy issued by National.

Defendant also asserts that, despite Smith's failure to comply with the policy provisions, she is entitled to recover against National as a third-party beneficiary of the policy.

In Colorado, an injured party may recover from an insurer only if the insured has a right to do so. A third-party stands in the shoes of the insured and is entitled to no greater rights than the insured. *Jorgensen v. St. Paul Fire and Marine Insurance Co.*, 158 Colo. 466, 408 P.2d 66 (1965). Therefore, as a matter of law, since the insured (Scott) is not entitled to recover against National, Defendant also has no right of recovery against National.

Because the safety related exclusionary language of the insurance contract here is clear, plain, and unambiguous, Defendant's contention that the exclusion creates "illusory" coverage is without merit.

THEREFORE IT IS ORDERED that

Plaintiff's motion for summary judgment is GRANTED.

It is FURTHER ORDERED that the Clerk ENTER JUDGMENT in favor of Plaintiff declaring that it has no liability to Defendant under the terms of the insurance policy made the subject of this action.