**CROSSROADS WEST LIMITED LIABILITY COMPANY, a Wyoming Limited Liability Company, Plaintiff–Appellant and Cross–Appellee,**

v.

**TOWN OF PARKER, a Home Rule City; Greg Lopez, Dale Brinker, Gerald Drefahl, Jeffrey Kuhn, Patricia Shupe, Charles Stern, Members of the Town Council; and John Does 1 through 5, Defendants–Appellees and Cross–Appellants.**

No. 95CA1484.

Colorado Court of Appeals, Div. III.

Nov. 29, 1996.

Lichtenfels, Pansing & Miller, P.C., J. Reid Lichtenfels, Michael J. Cavanaugh, Denver, for Plaintiff–Appellant and Cross–Appellee.

Hayes, Phillips & Maloney, P.C., James S. Maloney, Corey Y. Hoffmann, Denver, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge ROTHENBERG.

Plaintiff, Crossroads West Limited Liability Company (Crossroads), appeals the summary judgment dismissing its complaint against defendants, the Town of Parker (town), the members of the town council, and certain unknown persons. The town cross-appeals the order awarding attorney fees to Crossroads. We affirm the summary judgment and vacate the order assessing attorney fees against the town.

This action arises out of the town's plans to redesign a section of East Mainstreet in 1993. The plans included widening the street and installing sidewalks, medians, and signals. Crossroads owns a shopping center on the north side of Mainstreet.

In August 1993, plaintiff and the town entered into an "Access and Right–of–Way Agreement" (Access Agreement) which was

ratified by the town council. The Access Agreement provided in relevant part that:

The full turning movement from Crossroads Drive at Mainstreet, the right in right out only entrance across from Crossroads Drive on the south side of East Mainstreet, and the 150 foot eastbound left turn lane ... shall not be eliminated or restricted unless they become a safety hazard as determined by the town in it sole discretion.

Thereafter, the town entered into another agreement with a third party which amended the earlier construction design for East Mainstreet and eliminated some of the access from East Mainstreet to Crossroads' shopping center.

Crossroads then filed this action for breach of contract; seeking damages and injunctive relief to prevent redesign of the construction. The town filed a motion to dismiss all claims which was granted in part and denied in part. The town later moved for reconsideration of the portion of its motion that had been denied. However, the trial court ruled that its motion was "merely a repeat of [the town's] previous arguments," denied the town's motion, and awarded Crossroads its attorney fees.

Crossroads filed an amended complaint, and again, the town moved to dismiss asserting that: (1) there was no consideration to support the Access Agreement; and (2) the Access Agreement was void as an improper limitation on the town's police power.

Treating the motion to dismiss as one for summary judgment, the trial court granted it on the first grounds: that the Access Agreement lacked consideration.

### I.  Lack of Consideration

■ Crossroads contends the trial court initially erred in limiting its inquiry regarding consideration to the four corners of the Access Agreement, and then further erred in granting summary judgment based on lack of consideration. We agree.

■ Consideration need not be in writing. It may be proved by parol evidence or inferred. *See W.T. Rawleigh Co. v. Dickneite,* 99 Colo. 276, 61 P.2d 1028 (1936); *see also*

*Colorado Springs v. Mountain View Electric Ass'n, Inc.,* 925 P.2d 1378 (Colo.App.1995) (a promise exchanged for a promise imposes mutual rights and duties and is sufficient consideration to render the contract enforceable).

Thus, here, the trial court erred in concluding that, because none of the alleged bases of consideration cited by Crossroads were expressly set forth in the Access Agreement and the language of the Access Agreement was unambiguous, it could not consider extrinsic evidence to assist in ascertaining whether there was consideration.

### II.  Limitation on Police Power

■ Despite this error, the town contends that summary judgment was appropriate on the alternative basis asserted in its motion for summary judgment, *i.e.,* that the Access Agreement was void as an improper limitation on the town's police power. We agree.

■ Although the trial court did not rely on the police power argument in ruling, the issue nevertheless was raised and argued by the parties in the trial court. Thus, we may address it here. Further, if the trial court reached the correct result, we will affirm its determination. *See Lampley v. Celebrity Homes, Inc.,* 42 Colo.App. 359, 594 P.2d 605 (1979).

■ Municipalities have a broad and general police power to institute regulations for the public good. This power encompasses actions to preserve or promote the health, safety, comfort, and general welfare of its citizens. *See United States Disposal Systems, Inc. v. Northglenn,* 193 Colo. 277, 567 P.2d 365 (1977); *Colowyo Coal Co. v. Colorado Springs,* 879 P.2d 438 (Colo.App.1994); *see also* 6A E. McQuillin, *Municipal Corporations* § 24.09 (3d ed.1988).

Typical examples of this police power include traffic regulation, business and occupational licensing, nuisance abatement, and prevention of breaches of the peace. *Colowyo Coal Co. v. Colorado Springs, supra;* J. Banks, *Colorado Law of Cities & Counties* 101 (3d ed.1979); *see also Denver v. Bargan Land & Investment Co.,* 83 Colo. 551, 267 P.

405 (1928) (municipality has discretion to determine useful street improvements).

■ Generally, contracts with a municipality are entered into subject to this broad police power. And, a municipality may not contract away such authority. *See Colorado Postal Telegraph Co. v. Colorado Springs,* 61 Colo. 560, 158 P. 816 (1916).

Here, the Access Agreement purports to restrict the town's authority to regulate traffic at the designated street intersections by limiting future changes in the turn movements on those intersections solely to circumstances in which a safety hazard has developed. If enforced, the Agreement thus removes the town's authority to anticipate and prevent future hazards and to make changes for other reasons affecting the public welfare, such as convenience, congestion, or aesthetics. *See* E. McQuillin, *supra,* § 24.10 (police power includes power to anticipate and prevent dangers and to protect the inhabitants of a community).

Numerous other jurisdictions have held that contracts involving similar subject matter are void as improper restrictions of police power. *See P.C.B. Partnership v. Largo,* 549 So.2d 738 (Fla.App.1989) (agreement purporting to restrict city's ability to decide whether to build road, install traffic device, and permit development of parking lot and storm drain connection); *Marco Development Corp. v. Cedar Falls,* 473 N.W.2d 41 (Iowa 1991) (agreement purporting to obligate city to widen street); *Rockingham Square Shopping Center, Inc. v. Madison,* 45 N.C.App. 249, 262 S.E.2d 705 (1980) (agreement purporting to obligate town to open road as inducement for corporation to build shopping center).

We therefore hold that the Access Agreement between Crossroads and the town improperly restricted the town's broad police power to regulate traffic and, thus, that it is void *ab initio.* Accordingly, the entry of summary judgment and dismissal of plaintiff's complaint was proper.

### III.

■ In view of our conclusion that the town's motion for summary judgment should have been granted, it follows that the town's motion for reconsideration was neither groundless nor frivolous, and that attorney fees should not have been assessed against it. *See* C.R.C.P. 121 § 1–15(7) ("if a frivolous motion is filed or if frivolous opposition to a motion is interposed, the court may assess reasonable attorney fees against the party or attorney filing such motion or interposing such opposition."); *see also McKown–Katy v. Rego Co.,* 776 P.2d 1130 (Colo.App.1989) ("Frivolous" means the proponent of the motion can present no rational argument based upon the evidence or law in support thereof), *rev'd in part on other grounds,* 801 P.2d 536 (Colo.1990).

The fact that the town's motion for reconsideration was "a repeat of [the town's] previous argument" standing alone does not make the town's argument frivolous.

Accordingly, the order assessing attorney fees cannot stand. *See In re Marriage of Gomez,* 728 P.2d 747 (Colo.App.1986).

The summary judgment dismissing plaintiff's complaint is affirmed and the order assessing attorney fees against the town is vacated.

JONES and BRIGGS, JJ., concur.