590 P.2d 459

Grant C. DAVIS and William H. Davis, as Trustees, the Arizona Bank, as Trustee, and Stewart Title and Trust, as Trustee, under Trusts Nos. 1094 and 1148, Appellants/Cross Appellees,

v.

PIMA COUNTY, Arizona, a body politic, Joseph Castillo, E. S. "Bud" Walker, Ron Asta, Sam Lena and Conrad Joyner, duly elected Supervisors in and for Pima County, Arizona, Glen Knutson, Pima County Zoning Inspector, Trini Goebel, Cyrus Cook, George Henry, Stanley Krzyzanowski and Charles Camp, members of the Pima County Board of Adjustment No. 3, Appellees/Cross Appellants.

No. 2 CA–CIV 2783.

Court of Appeals of Arizona, Division 2.

Oct. 11, 1978.

**344**

Schorr & Leonard, P. C. by S. L. Schorr and John F. Battaile, III, Tucson, for appellants/cross appellees.

Stephen D. Neely, Pima County Atty. by Albin R. Krietz, Howard L. Baldwin and G. Lawrence Schubart, Deputy County Attys., Tucson, for appellees/cross appellants.

## OPINION

HOWARD, Judge.

Appellants filed a suit in the superior court alleging that the appellees wrongfully refused to rezone their property and asking for declaratory relief and damages. The trial court invalidated the existing zoning, awarded appellants attorney's fees, but refused to award them any damages.

Appellants claim the trial court erred in disallowing damages. Appellees have cross-appealed contending that the trial court erred in "rezoning" the land and awarding attorney's fees.

What is the proper judicial remedy for the undoing of wrongful legislation? That is the main issue to be decided here. We hold that appellants' sole remedy was the undoing of the legislation and not money damages.

In 1972 the Pima County Board of Supervisors approved appellants' petition to rezone their property upon appellants' compliance with certain conditions. These conditions were performed, but because of complaints from nearby property owners approval of appellants' final plats was delayed until November of 1975. At that time the board refused to approve them despite compliance with all the conditions and even though all concerned directors, department heads and its planning department were of the opinion that the neighbors' complaints were unfounded.

Appellants filed a special action in the superior court which resulted in the court ordering the board to approve the final plats submitted by appellants. No appeal was ever taken from this order. The board approved the final plats but refused to enact an ordinance rezoning the property from GR (general rural) to SH and CR-1. Appellants then applied for building permits under the existing GR zoning which they claimed permitted the construction contemplated by them. The Pima County Zoning Inspector refused to issue permits until the zoning was changed. Appellants then filed this lawsuit. The court made extensive findings of fact. It found that appellants' contemplated use, to-wit, single family residential and mobile home use, is the only use allowable under GR zoning for which the subject property may reasonably be used; that the board's action was arbitrary and capricious and bore no relation to public health, safety and welfare; and that the issue of the rezoning was not fairly debatable. It did not, however, find that the board of supervisors acted in bad faith and specifically rejected appellants' conclusion of law on that issue.

Appellants claim damages in the sum of $67,035 for loss in the property value because of the delay in securing their right to build on the property and the sum of $95,180 for the loss of an aid-in-construction agreement which would have been available had the board changed the zoning after the entry of the order in the special action. Appellants claim they are entitled to these damages under either a theory of inverse eminent domain or a general tort theory. We do not agree.

When a zoning ordinance is confiscatory it results in a "taking of the property and is, in effect, the exercise of the power of eminent domain. *Arverne Bay Const. Co. v. Thatcher,* 278 N.Y. 222, 15 N.E.2d 587 (1938); *Gold Run, Ltd. v. Board of County Commissioners,* 554 P.2d 317 (Colo.App.1976). To sustain his attack on the validity of a zoning ordinance an aggrieved property owner must show that, if the ordinance is enforced, the consequent restrictions on his property would preclude use for any purpose to which it is reasonably adapted. *City of Phoenix·v. Oglesby,* 112 Ariz. 64, 537 P.2d 934 (1975). Contrary to appellees' contention the record here amply supports the trial court's conclusion on the zoning.

However, though appellants established a "taking" if the board's action were not undone, this does not mean they are entitled to money damages. In zoning matters the board of supervisors exercises its legislative function. If the legislative body acts wrongfully in its legislative capacity the judicial remedy is the undoing of the wrongful legislation and not money damages. *HFH, Ltd. v. Superior Court of Los Angeles County,* 15 Cal.3d 508, 125 Cal. Rptr. 365, 542 P.2d 237 (1975). The proper remedy when zoning is confiscatory is either to seek by declaratory judgment to invalidate the general zoning ordinance or to challenge the particular rezoning determination by means of a special action. *Gold Run, Ltd. v. Board of County Commissioners,* supra.

The trial court erred when it awarded $25,000 attorney's fees to appellants. If appellants are to recover for attorney's fees it can only be by virtue of A.R.S. Sec. 12–341.01(A) which states:

"In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees."

The trial court in its conclusions of law stated that the "conditional" rezoning created an implied contract. This theory is incorrect. The board of supervisors did not and cannot, expressly or impliedly, bargain away its legislative zoning powers. *Andgar Associates, Inc. v. Board of Zoning Appeals,* 30 App.Div.2d 672, 291 N.Y.S.2d 991 (1968). The power to regulate land use through zoning ordinances is vested in municipal legislatures and they cannot bargain away this power. R. Anderson, 2 American Law of Zoning Sec. 9.21 (2nd ed. 1968).

That part of the judgment awarding appellants attorney's fees is vacated and set aside and the judgment is affirmed as modified.

RICHMOND, C. J., and HATHAWAY, J., concur.