724 P.2d 1228

Germain H. BALL, as Co-Trustee of the Germain H. Ball Trust; First Interstate Bank of Arizona, N.A., as Co-Trustee of the Germain H. Ball Trust, Petitioners Plaintiffs-Appellees,

Joe V. Anderson, Gerald P. Andersen, and the Thomas S.J. Andersen Trust, Intervening Plaintiffs-Appellees,

American Legion, Mathew B. Juan, Post No. 35, Department of Arizona, Intervening Plaintiffs-Appellees,

Eli Gates, Intervening Plaintiff-Appellee,

56th Street Properties, a partnership, Intervening Plaintiff-Appellee,

v.

The CITY OF CHANDLER IMPROVEMENT DISTRICT NO. 48; the City of Chandler, an Arizona municipal corporation; James Patterson, Mayor of the City of Chandler, in his official capacity; Thomas B. Burns, Jr., Genny Appleton, Jerry Brooks, Wayne Lewis, Charles Shell and Coy Payne, members of the City Council of the City of Chandler, in their official capacities; James Goff, Superintendent of Streets and Director of Public Works for the City of Chandler, in his official capacity; Harold L. Schilling, City Manager for the City of Chandler, in his official capacity; Walter Bobotek, Director of Planning and Development for the City of Chandler, in his official capacity; John Doe, Bondholder; John Roe, Noteholder; White Company, Contractor; Black Company, Financial Advisor or Underwriter, Respondents Defendants-Appellants.

No. 1 CA-CIV 8036.

Court of Appeals of Arizona, Division 1, Department B.

March 6, 1986.

Reconsideration Denied May 13, 1986.

Review Denied Sept. 9, 1986.

Lewis & Roca by Peter D. Baird, Edward M. Lewis, Susan M. Freeman, Edward M. Mansfield, Phoenix, for petitioners plaintiffs-appellees.

Neal S. Sundeen, Phoenix, for intervening plaintiff-appellee American Legion.

Dohn M. Rosenthal, Scottsdale, for intervening plaintiff-appellee Gates.

Johnson, Blake & Kadish, P.C. by Ronald K. Blake, Tempe, for intervening plaintiff-appellee 56th Street Properties.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by John H. Westover, Alan A. Meda, Phoenix, for respondents defendants-appellants.

CONTRERAS, Judge.

This is an appeal from an award of costs and attorney's fees in an action successfully prosecuted by certain landowners to invalidate an improvement district established by appellant, City of Chandler (Chandler) and its city officials. We conclude that the trial court correctly found "that the 'zoning agreements issue' portion of the litigation 'arose out of a contract express or implied' within the meaning of A.R.S. § 12–341.01," and affirm the award of attorney's fees and costs.

On June 9, 1983, Chandler officially formed Improvement District No. 48 for purposes of constructing extensive road improvements along Williams Field Road in Chandler, Arizona. Pursuant to A.R.S. § 9–673, the City adopted Resolution No. 1129 further defining the district bound-

aries.[1] In July of 1983, a protest hearing was held as required by A.R.S. §§ 9–676 and 9–677, however, because only 27% of the district frontage property protested, the protests were overruled by the City Council.[2] Subsequent statutory protests were also overruled.

On October 25, 1983, appellees, Germain H. Ball, et al., filed suit against Chandler and its city officials asserting improper implementation of the improvement district based upon invalid assessment practices.[3] Four months later the City proceeded to distribute "preliminary assessments." Following extensive and accelerated discovery, both parties filed motions for summary judgment. On April 17, 1984, the trial court granted appellees' motion for summary judgment. In its written findings, the court concluded that:

1. The resolution was adopted in violation of A.R.S. § 9–673 since the assessment was made without any reference to the corresponding benefits to be received by the land owners, and

2. That the City's conditional zoning practices relating to future improvement districts, violated A.R.S. § 32–2181(K), were contrary to public policy, and were unenforceable to the extent they deprived the landowners of their right to protest the formation of the improvement district.

The trial court granted appellees declaratory and injunctive relief and permanently enjoined the city from taking any further action to "enforce that certain Improvement District formed pursuant to Resolution 1129 and which was known as City of Chandler Improvement District No. 48,...." Finally, of the $111,813.70 of attorney's fees requested by appellees, the court awarded appellees $34,572.00 as to the improvement district agreements claim finding that it arose out of contract within the meaning of A.R.S. § 12–341.01. Appellees were also awarded their taxable costs. Chandler filed a notice of appeal on October 9, 1984, which in its complete context stated:

NOTICE IS HEREBY GIVEN that the above-named defendants appeal to the Court of Appeals, Division One, of the State of Arizona from that portion of the judgment entered in the above entitled court in the above entitled action on the 26th day of September, 1984, in favor of the above-named plaintiffs and against the above-named defendants which awards attorney's fees and costs to Plaintiffs and to intervenors, being Paragraphs 4 and 5 of said judgment.

On October 26, 1984, the time period for filing a notice of appeal expired, and the injunctive and declaratory relief portions of the judgment became final. Chandler did not appeal the merits of the trial court's decision.

## SCOPE OF APPELLATE REVIEW

Chandler argues that because A.R.S. § 12–341.01 permits the court to award attorney's fees to the "successful party" in

---

1. Article 2, consisting of §§ 9–671 to 9–672.03 and 9–673 to 9–716, was transferred for placement in §§ 48–571 to 48–619 by Laws 1985, Ch. 190, § 5, effective August 7, 1985.

2. Significantly, we note that this figure is misleading due to the existence of the improvement district agreements which the city, since at least 1977, has required every interested landowner requesting rezoning to sign. These improvement district agreements were in two forms. Some obligated the landowner "to not protest the formation of an improvement district," while under others, the landowners expressly agreed "to join in the formation of an improvement district ... and ... accept an improvement district assessment," or construct the improvements himself. Since the trial court expressly found these improvement district agreements to be invalid and illegal, the fact that 46% of the interested landowners had signed such agreements in order to obtain rezoning renders this 27% figure meaningless.

3. Chandler filed its Answer on November 15, 1983. Two months later, the City filed a "Notice" inviting all those owners who had administratively filed protests and/or objections with respect to Improvement District No. 48, to intervene in the action and assert their positions. It was in this manner that the Intervening Plaintiffs-Appellees became parties to this action. Additionally, Intervening Plaintiffs-Appellees Gates and American Legion have joined in the Answering Brief of Appellee Ball on this appeal.

actions arising out of contract, an appeal solely from an award of costs and attorney's fees (granted pursuant to this statute) vests the appellate court with jurisdiction to redetermine the underlying merits of the case so as to test the trial court's "successful party determination" which led to the original fees award. Specifically, Chandler contends that if a party should not have been the "successful party" in the trial court, it should not have received attorney's fees pursuant to A.R.S. § 12–341.-01 and therefore an appeal from an award of attorney's fees can contest the issue of whether the prevailing party "should have been" the "successful party" below. *See LaMoureaux v. Totem Ocean Trailer Express, Inc.,* 651 P.2d 839 (Alaska 1982).

Appellees contend that since the city failed to appeal the merits, the judgment below cannot be attacked on appeal. They argue that not only does the appellate court lack jurisdiction to review the merits where the underlying judgment is not part of the notice of appeal, but that such omission renders the judgment below final and unassailable under principles of collateral estoppel. *See Lee v. Lee,* 133 Ariz. 118, 649 P.2d 997 (App.1982).

In its Reply, Chandler defends its failure to appeal the underlying judgment on the basis that "[t]he merits of the action … are now moot because of delays occasioned by this litigation." As a consequence, Chandler requests that we adopt the rule in *LaMoureaux v. Totem Ocean Trailer Express, Inc., supra,* and reconsider the underlying merits for purposes of determining whether attorney's fees were properly awarded pursuant to the prevailing or "successful" party language of the statute. Finally, Chandler contends that while the merits are not directly jurisdictionally before this court, the "successful party" language of A.R.S. § 12–341.01 permits review of the underlying merits and thus, a direct attack on the judgment. We find

appellants' arguments innovative but untenable.

From the outset, we note that *LaMoureaux* represents a distinct minority of courts which accept jurisdiction of a moot case merely to determine who is the prevailing party for purposes of awarding costs and attorney's fees. *See also, Heckers v. Avanti Corp.,* 495 P.2d 239 (Colo.Ct. App.1972). Indeed, the majority of jurisdictions appear to hold that a litigant's desire to obtain a fee or cost award at the conclusion of a case cannot keep the case in court after it has become moot in all other respects. *Flesch v. Eastern Pennsylvania Psychiatric Institute,* 472 F.Supp. 798 (E.D.Penn.1979). *See also State v. Gibson Product Company Inc.,* 699 S.W.2d 640 (Tex.Ct.App.1985); *Wassom v. SAC County Fair Association,* 313 N.W.2d 548 (Iowa 1981); *Southland Corp. v. Village of Hoffman Estates,* 11 Ill.App.3d 816, 297 N.E.2d 688 (1973). Significantly, *LaMoureaux* and the existing contrary authority almost uniformly deal with the situation where the underlying judgment (or some portion thereof) is appealed, a judicial determination of mootness made, and only then does the appellate court decide whether it will consider the otherwise moot merits to determine the prevailing party for purposes of awarding costs and attorney's fees.[4]

■ In this case, Chandler argues that "[t]he merits of the action … are now moot because of the delays occasioned by this litigation." We disagree. A "[d]efendant cannot, by his own voluntary conduct, moot the case and thereby deprive the Court of jurisdiction." *Vaughan v. Bower,* 313 F.Supp. 37 (D.Ariz.1970), *aff'd,* 400 U.S. 884, 91 S.Ct. 139, 27 L.Ed.2d 129 (1970). There were no substantive or procedural impediments to a direct appeal on the merits. Chandler could have properly challenged the merits by a direct appeal to this court. That an appeal of the judgment below would have resulted in costly delays

---

**4.** Appellant argues that the merits were not jurisdictionally before the court in *LaMoureaux* since the court determined it was bound by principles of collateral estoppel. As we stated above, however, it is the fact of such judicial determinations which we deem a significant point of distinction.

to the city did not in and of itself render the action moot. A real controversy continued to exist. Nor did the city's independent and unilateral choice to pursue alternative measures to implement the improvements affect the existence of the controversy. Thus, by failing to appeal the merits of the underlying judgment, Chandler effectively withdrew from the controversy. Consequently, it cannot now assert this self-imposed mootness as grounds for relitigating the underlying merits when such merits are not properly before this court. If we were to accept appellants' proposition it would mean that final judgments have no finality; collateral estoppel has no preclusive effect; and appellate courts would be free to render advisory opinions. The stability of the law and the workload of appellate courts soundly reject such proposition.

█ Finally, we conclude that Chandler's construction of the "successful party" language of A.R.S. § 12–341.01 as permitting relitigation of the underlying merits where such merits were not challenged or contained in the notice of appeal is unwarranted. A.R.S. § 12–341.01 does not confer jurisdiction. Rather, an attack on an award of attorney's fees is limited either to a claim that the trial judge abused his or her discretion in awarding the fees, *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), or that the claim upon which the award is based did not "arise out of contract" within the meaning of the statute. *ASH, Inc. v. Mesa Unified Sch. Dist. No. 4*, 138 Ariz. 190, 673 P.2d 934 (App.1983). All other issues must be specifically contained in the notice of appeal in order to confer jurisdiction on the appellate court. *See Lee v. Lee, supra.*

### ATTORNEY'S FEES PURSUANT TO A.R.S. § 12–341.01

█ The trial court concluded that the claim relating to improvement district agreements arose out of contract within the meaning of A.R.S. § 12–341.01 and correspondingly awarded appellees attorney's fees. On appeal, Chandler argues that the improvement district agreements constituted "conditional zoning" and thus, did not arise out of contract within the meaning of A.R.S. § 12–341.01. *Davis v. Pima County*, 121 Ariz. 343, 590 P.2d 459 (1978), *cert. denied*, 442 U.S. 942, 99 S.Ct. 2885, 61 L.Ed.2d 312 (1979). We disagree.

In *Davis*, the County Board of Supervisors conditioned approval of appellant's rezoning request upon the performance of certain stated conditions. When appellants met the conditions, the city refused to approve the rezoning and appellant sued. Division II of this court reversed the trial court's award of attorney's fees on the ground that "conditional rezoning" did not create an implied contract under A.R.S. § 12–341.01. Chandler argues that *Davis* is dispositive of the issue and indistinguishable from the case at bar. It posits that since Chandler acted in its legislative capacity in granting the conditional rezoning, any challenge to such zoning cannot arise out of contract under the meaning of A.R.S. § 12–341.01. We find *Davis* distinguishable.

In *Davis*, the court concluded that in granting the rezoning upon the fulfillment of certain conditions, the city had effectively "bargained away" its legislative zoning powers. In the present case, Chandler was not conditioning the *rezoning* upon fulfillment of stated conditions since the statutory improvement requirements otherwise required as a condition of rezoning are not in dispute and the ultimate decision of whether to grant the initial rezoning proceeds according to the city's statutory discretion. Unlike *Davis*, Chandler has gone beyond mere conditional zoning. The "contract" upon which the fees are based arises merely as a *consequence* of the rezoning, but is otherwise unrelated thereto.[5] It was but a means of determining how costs of the subsequent improvements would be met. Thus, there exists a separate basis upon which the application of A.R.S. § 12–341.01 properly rests.

---

5. The execution of such agreement, while generally accompanying the rezoning request, does not render it a condition precedent to the *actual* rezoning as in *Davis*.

Even apart from the distinctions we draw from *Davis*, the evidence supports the award under A.R.S. § 12–341.01. "[A]s used in A.R.S. § 12–341.01, the words 'arising out of contract' describe an action in which a contract was a factor causing the dispute." *ASH, Inc. v. Mesa Unified Sch. Dist. No. 4, supra*, 138 Ariz. at 192, 673 P.2d 934. The improvement district agreements not only formed the basis of the suit below, but the trial judge specifically found the agreements to be the basis of the award. Under these circumstances we conclude that the award was proper under A.R.S. § 12–341.01.

ATTORNEY'S FEES ON APPEAL

■ Appellees' request their attorney's fees on appeal pursuant to Rule 21(c), Arizona Rules of Civil Appellate Procedure, and A.R.S. § 12–341.01(A). Based upon our determinations above, having successfully prosecuted their claim, appellees Germain H. Ball, et al., may recover their attorney's fees on appeal by complying with Rule 21, Arizona Rules of Civil Appellate Procedure, and our decision in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983). The intervening plaintiffs-appellees are not entitled to an award of attorney's fees on appeal.

Accordingly, the judgment of the trial court awarding appellees' costs and attorney's fees in the action below is affirmed.

JACOBSON, P.J., and CORCORAN, J., concur.