554 P.2d 317 (1976)
GOLD RUN, LTD., a Colorado Limited Partnership, Plaintiff-Appellant,
v.
The BOARD OF COUNTY COMMISSIONERS et al., Defendants-Appellees.
No. 75-620.
Colorado Court of Appeals, Div. III.
June 10, 1976.
Rehearing Denied July 1, 1976.
Certiorari Denied September 13, 1976.
*318 Quigley, Wilder & Palermo, P.C., Eugene F. Hart, Jr., Colorado Springs, for plaintiff-appellant.
Larson & Larson, P.C., Aleron H. Larson, Englewood, Duane O. Littell, Denver, for defendants-appellants.
Richard L. Everstine, Arvada (Atty. for Board of County Commissioners, et al defendant-appellees).
Selected for Official Publication.
PIERCE, Judge.
Plaintiff, Gold Run, Ltd. (Gold Run), appeals from dismissal of its action against the Board of County Commissioners and the Regional Planning Commission for Summit County, and the individual members of those commissions, in connection with the zoning of real property owned by Gold Run. We affirm.
Gold Run acquired approximately 320 acres of unimproved mountain property in 1971. At that time, the property was zoned for agricultural purposes only. Gold Run desired to develop the property for residential use. Towards that end, Gold Run sought rezoning, submitting several rezoning applications over the next few years based upon proposals for residential development of considerable density. After extensive hearings, these applications were each denied. Before rezoning had been successfully achieved, Gold Run lost the greater portion of its property through foreclosure proceedings. The remainder of the property owned by Gold Run was eventually rezoned for residential use, and was assigned a density of .92 residential units per acre.
Gold Run then filed an action for certiorari review under C.R.C.P. 106(a)(4). This complaint was amended to add a claim for inverse condemnation and a claim against the individual members of the two zoning bodies involved here for monetary damages for civil conspiracy. The defendants filed motions to dismiss these two claims, which motions were granted. Although the trial court subsequently reviewed the relevant proceedings under C.R. C.P. 106(a)(4), resolving that review adversely to Gold Run only the earlier order dismissing the claims for inverse condemnation and conspiracy is appealed.

I.
Gold Run first contends that the trial court erred in dismissing its claim for inverse condemnation based on the rezoning of its property. This contention is without merit due to the inherent inappropriateness *319 of inverse condemnation to the facts of the present controversy.
An action in inverse condemnation is premised on there having been a "taking" of private property for public use without compensation, in derogation of Colo.Const. Art. II, Sec. 15, by a governmental or public entity which has the power of eminent domain, but which has refused to exercise that power. Ossman v. Mountain States Telephone and Telegraph Co., 184 Colo. 360, 520 P.2d 738. The action of local authorities in zoning matters, on the other hand, represents the invocation of the police power, delegated by the legislature, in limitation of the utilization of property toward the furtherance of the public health, safety and welfare. Western Paving Construction Co. v. Board of County Commissioners, 181 Colo. 77, 506 P.2d 1230. See also Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303.
Only when zoning is confiscatory does it rise to a "taking" and then the proper remedy is either to seek by declaratory judgment to invalidate the general zoning ordinance, see Cherry Hills Village v. Trans-Robles Corp., 181 Colo. 356, 509 P.2d 797, or to challenge the particular rezoning determination made by the zoning authority through certiorari review, pursuant to C.R.C.P. 106(a)(4). Snyder v. Lakewood, Colo., 542 P.2d 371. By establishing that certiorari relief is the exclusive remedy for allegedly invalid rezoning, as is challenged here, Snyder has precluded utilization of inverse condemnation. This is fully in accord with prior decisions which indicated that the proper course of action to be pursued by a landowner contesting zoning is to bring an action to invalidate the disputed action or ordinance, rather than suing for damages based on the theory of inverse condemnation. See Ford Leasing Development Co. v. Board of County Commissioners, 186 Colo. 418, 528 P.2d 237; Baum v. Denver, 147 Colo. 104, 363 P.2d 688.
Cases cited by Gold Run in support of its position that inverse condemnation is available as a remedy for allegedly confiscatory rezoning, such as Eldridge v. Palo Alto, 124 Cal.Rptr. 547; and California v. Southern Pacific Transportation Co., 33 Cal.App.3d 960, 109 Cal.Rptr. 525, are fully distinguishable, involving downzoning, or the actual appropriation of real property, subsequent to the acquisition of the premises by the complaining landowner. Here, Gold Run purchased the property having full knowledge of the existing restrictive zoning with the intention of securing rezoning commensurate with Gold Run's own conception of proper development. Even though the rezoning eventually achieved did not allow residential development as intensive as Gold Run might have desired, nevertheless an action in inverse condemnation is not available for redress of the purported privation. If this is viewed as hardship, it was self-inflicted. Nopro Co. v. Cherry Hills Village, 180 Colo. 217, 504 P.2d 344.
Moreover, the California cases upon which Gold Run relies were decided prior to the announcement of H.F.H., Ltd. v. Superior Court, 15 Cal.3d 508, 125 Cal. Rptr. 365, 542 P.2d 237, which is supportive of the result we reach here. Although Gold Run has attempted to distinguish the present case by characterizing the damage done to its property as "sterilization", it is apparent from the allegation of facts and the prayer for relief contained in its amended complaint that it is actually only asserting diminution in value, and not actual appropriation, of its real property. Hence, even under the authority of the decisions cited by Gold Run, inverse condemnation would not be an appropriate remedy under the facts of this case, and the trial court therefore did not err in dismissing the inverse condemnation claim.

II.
Gold Run's argument that the trial court erred in dismissing its claim for damages in tort against the individual constituents *320 of the zoning bodies is likewise without merit. First, although Gold Run alleged the existence of conflicting interests and activities on the part of certain of the individual members of the commission, no allegation of individual liability appeared in the amended complaint. Moreover, the gravamen of wrongdoing allegedly engaged in by the individual defendants was that the actions taken with regard to Gold Run's property were not undertaken in consideration of public health, safety and welfare, but rather, were in disregard of these considerations, thereby violating duties owed to the public. Thus, even if Gold Run had actually alleged the individual liability of these persons, dismissal of the individual tort claims would be proper since the defendants would be liable, if at all, only to the public at large, and not to an individual plaintiff such as Gold Run. Quintano v. Industrial Commission, 29 Colo.App. 319, 485 P.2d 733. See also Whitaker v. Hearnsberger, 123 Colo. 545, 233 P.2d 389.
Judgment affirmed.
SMITH and BERMAN, JJ., concur.