595 P.2d 694 (1979)
Thurman HERMANSON, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF FREMONT, Defendant-Appellee.
No. 78-180.
Colorado Court of Appeals, Div. I.
February 1, 1979.
Rehearing Denied February 22, 1979.
Certiorari Denied May 29, 1979.
*695 Spurgeon, Haney & Howbert, P. C., Gregory R. Piche, Colorado Springs, for plaintiff-appellant.
Feder & Morris, P. C., Harold A. Feder, Denver, H. R. Harward, Canon City, for defendant-appellee.
SMITH, Judge.
Plaintiff appeals from dismissal of his complaint alleging inverse condemnation. The dismissal is based on plaintiff's failure to seek certiorari review of each of defendant's actions. This appeal questions whether review under C.R.C.P. 106(a)(4) is the exclusive remedy to challenge the validity of a series of restrictions imposed by county commissioners upon plaintiff's use of his real property. We reverse.
Plaintiff filed an inverse condemnation action seeking compensation for the alleged "taking" by the county of the beneficial use of his realty located in Fremont County. Plaintiff alleged that defendant has imposed upon his property repeated and unreasonable cumulative regulatory obstructions which have prevented the development and use of his property, and that it has arbitrarily instituted moratoria prohibiting construction of any kind upon plaintiff's realty in preparation for the construction by defendant of a flood control dam on or near plaintiff's land. Plaintiff concludes that the actions of defendant, culminating in the adoption of flood plain zoning regulations amount, in their totality, to an impermissible confiscation of his property without payment of just compensation.
The county commissioners answered asserting as an affirmative defense that the failure of plaintiff to seek certiorari review of each of their purported exercises of the "police power" bars his claim of inverse condemnation. The commissioners filed a motion seeking dismissal of plaintiff's action on the same ground. Relying upon Gold Run, Ltd. v. Board of County Commissioners, 38 Colo.App. 44, 554 P.2d 317 (1976), the trial court agreed with the position of the county and dismissed plaintiff's cause.
An action in inverse condemnation is justified when there has been a taking of private property for public use without payment of just compensation by some public body which has the power of eminent domain. Ossman v. Mountain States Telephone & Telegraph Co., 184 Colo. 360, 520 P.2d 738 (1974). Gold Run, supra, and Synder v. Lakewood, 189 Colo. 421, 542 P.2d 371 (1975) stand for the proposition that an action for compensation or damages based on the theory of inverse condemnation is an inappropriate method of challenging allegedly invalid rezoning, or invalid failure to rezone when application for change is made.
In our view these cases are inapposite here. This case involves the claim that there have been a series of regulations imposed upon plaintiff's property restricting its use for the sole purpose of "freezing" or holding down the value of the property in order that planned later public acquisition might be accomplished at a lower cost. Synder and Gold Run, supra, limit review of individual zoning determinations to certiorari review. Here, no rezoning determination question was presented. Certiorari review of each exercise of police power may provide an adequate remedy as to the propriety of the individual action taken but is not broad enough to allow an attack upon the cumulative or successive effect of more than one administrative action, nor can motive as demonstrated by a course of action be raised, in a certiorari proceeding. Synder, supra.
While it is true that the use of property may be regulated by valid exercise of the police power, if the regulation goes beyond protection of the public health, safety, morals, and welfare it amounts to a confiscation or taking and is subject to the *696 constitutional mandate requiring payment of just compensation. Therefore, regulations designed to depress value with a view to future acquisition may form the basis of a cause of action for compensation on the theory of inverse condemnation against the public entity initiating the regulation. See, e. g., People ex rel. Department of Public Works v. Southern Pacific Transportation Co., 33 Cal.App.3d 960, 109 Cal.Rptr. 525 (1973).
Plaintiff has alleged that the defendant has failed to approve sewage disposal systems proposed by the plaintiff which were in accordance with the existing rules and regulations of the county and that defendant imposed new and additional, more restrictive, sewer regulations upon plaintiff's land. Plaintiff has further alleged that defendant has instituted a moratorium prohibiting construction of any permanent structure upon plaintiff's realty and has under consideration proposals for the future construction of a flood control dam and an associated flood control project which would substantially and adversely affect the value of plaintiff's land. Plaintiff has also alleged that the defendant has delayed adoption of flood plain zoning regulations and that, when such regulations were finally adopted, defendant refused to consider plaintiff's "flood proofing" plan submitted to defendant in accordance with the flood plain zoning regulations. Plaintiff concludes that all this was done arbitrarily and capriciously with the primary purpose of diminishing or limiting the value of his property because of the intention of the county subsequently to purchase his property as part of the flood control project.
Whether, the series of regulations, in toto, constitute a valid exercise of the police power or are tantamount to a "taking" is a question of degree which requires an evidentiary determination. The motivation behind an ascertainment and evaluation of the public purpose sought to be served by the regulatory scheme likewise involves determination of factual questions, which if resolved in plaintiff's favor would entitle him to appropriate relief. Thus dismissal of the complaint herein was error.
The judgment is reversed and the cause is remanded with directions to the trial court to reinstate plaintiff's complaint and for further proceedings thereon.
COYTE and BERMAN, JJ., concur.