**MOUNTAIN MEDICAL, INC., a Colorado Corporation, d/b/a E & E Ambulance Co., and Anita Crews, Individually and in her capacity as President of Mountain Medical, Inc., Plaintiffs-Appellants,**

v.

**The CITY OF COLORADO SPRINGS, a Municipal Corporation, Defendant-Appellee.**

No. 79CA0253.

Colorado Court of Appeals, Div. II.

Dec. 6, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Denied April 7, 1980.

Carvell & Mullens, Steven U. Mullens, Colorado Springs, for plaintiffs-appellants.

Gordon D. Hinds, City Atty., James G. Colvin, II, Asst. City Atty., Colorado Springs, for defendant-appellee.

SILVERSTEIN, Judge.

Plaintiffs sued the City of Colorado Springs (City) to collect due and unpaid sums on accounts for ambulance services provided by plaintiffs. The trial court found a portion of the City's ambulance service ordinance unconstitutional, but denied plaintiffs' claim for damages against the City. Plaintiffs appeal, and we affirm.

The case was submitted to the court on stipulated facts. Plaintiffs are Mountain Medical, Inc., a Colorado corporation doing business as E & E Ambulance Company, and Anita Crews, the president of the corporation. From March 16, 1974, through April 27, 1978, they operated an ambulance business in the City under a license issued by the City. Plaintiffs' purchase of the ambulance company in 1974 included the accounts receivable that dated back to January 1, 1973. At all times pertinent, ambulance services operating within the City were required to be licensed by the City.

As a condition of the license, the City regulated many aspects of the business, including the fees that could be charged for ambulance services. .The ambulance service ordinance also provided that any willful failure to answer any emergency call, whether initiated by the police or fire department or a private individual, was a ground for revocation of the license, or such other action as the City deemed appropriate.

Plaintiffs complied with the provision requiring their response to all emergency calls. As a result, during the relevant time period, plaintiffs and their predecessor provided ambulance services to some 6,185 individuals within the City of Colorado Springs for which they were not paid either in whole or in part. The unpaid amount totaled $217,375.74.

In their complaint, plaintiffs alleged that they were entitled to recover their unpaid accounts from the City on the theories of contract, unjust enrichment, and inverse condemnation. The trial court rejected plaintiffs' first two theories of relief finding no evidence of any agreement between plaintiffs and the City for compensation for ambulance services, and that plaintiffs' services did not confer a benefit upon the City. The trial court held unconstitutional that portion of the City's ambulance service ordinance providing that willful and deliberate failure to respond to any call or to transport a patient when required were grounds for revocation of the license, but it further held that plaintiffs' compliance with the unconstitutional portion of the ordinance did not give rise to a claim for relief for damages.

### I.

■ Plaintiffs cannot recover on their contract theory. The facts contain no mention of any promise by the City to pay for the services rendered. In this regard we note that plaintiffs do not make any distinction between calls originating from a City agency, and calls made by private individuals.

■ A license merely "confers the right to do that which without the license would be unlawful." *Antlers Athletic Ass'n v. Hartung,* 85 Colo. 125, 274 P. 831 (1928). "A license has none of the elements of a contract and does not confer an absolute right but a personal privilege to be exercised under existing restrictions and such as may thereafter be reasonably imposed." *Rosenblatt v. California State Board of Pharmacy,* 69 Cal.App.2d 69, 158 P.2d 199 (1945). The record discloses no basis for any contractual obligation on the part of the City to pay for the services performed by plaintiffs.

### II.

■ Plaintiffs contend the trial court erred in not finding that the City was unjustly enriched by plaintiffs' compliance with the ordinance. The essential elements of unjust enrichment are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof. *Dass v. Epplen,* 162 Colo. 60, 424 P.2d 779 (1967). The regulation of ambulance service is for the benefit of, and to secure the services for, the members of the public. *See Gentry v. Howard,* 365 F.Supp. 567 (W.D.La.1973). The beneficiaries of plaintiffs' services were the individuals transported, not the City. Their failure to pay does not transfer the obligation to the City.

### III.

We find no merit in plaintiffs' contention that the City is liable for damages under the theory of inverse condemnation. They assert that, because the provision of the ordinance requiring them to respond to every call was determined to be unconstitutional, the City must pay damages for their compliance with the ordinance.

However, the law is to the contrary. "[B]oth constitutional and institutional understandings require that legislative acts,

even if improper, find their judicial remedy in the undoing of the wrongful legislation, not in money damages awarded against the state." *HFH, Ltd. v. Superior Court*, 15 Cal.3d 508, 125 Cal.Rptr. 365, 542 P.2d 237 (1975). *Accord, Davis v. Pima County*, 121 Ariz. 343, 590 P.2d 459 (Ct.App.1978).

 Further, inverse condemnation is inappropriate to the present controversy. In *Gold Run, Ltd. v. Board of County Commissioners*, 38 Colo.App. 44, 554 P.2d 317 (1976) this court held:

> "An action in inverse condemnation is premised on there having been a 'taking' of private property for public use without compensation, in derogation of *Colo. Const.* Art. II, Sec. 15, by a governmental or public entity which has the power of eminent domain, but which has refused to exercise that power. [citation omitted] The action of local authorities in zoning matters, on the other hand, represents the invocation of the police power, . . . in limitation of the utilization of property toward the furtherance of the public health, safety, and welfare."

The same rule applies to the present exercise of the police power in the regulation of ambulance service, for the health, safety, and welfare of the public. *See Gentry v. Howard, supra.* The remedy for relief from an unconstitutionally restrictive ordinance is an action to invalidate the ordinance, and not an action for damages. *Gold Run, Ltd., supra.* The fact that there was no taking but only a diminution in the value of the property, through a reduction in profits, does not alter the applicability of the rule. *Gold Run, Ltd., supra; HFH, Ltd. v. Superior Court, supra.*

*San Antonio River Authority v. Garrett Brothers*, 528 S.W.2d 266 (Tex.Civ.App. 1975), relied on by plaintiffs, is inapposite here. That case did not involve wrongful legislation. Rather, the evidence showed willful and deliberate acts on the part of government employees to interfere with the landowner's beneficial use of his property.

Judgment affirmed.

RULAND and VAN CISE, JJ., concur.