ROUNDUP FOUNDATION, INC., a Colorado Corporation and Roundup Fellowship, Inc., a Colorado Non-Profit Corporation, Plaintiffs-Appellants,

v.

The BOARD OF ADJUSTMENT OF the CITY AND COUNTY OF DENVER, Gunnar Mykland, Lawrence M. Henry, Ernest C. Capillupo, Frana Mace and Charles R. Cousins, as members of the Board of Adjustment of the City and County of Denver; The City and County of Denver, a Municipal Corporation and A. H. Jansen, Zoning Administrator of the City and County of Denver, Defendants-Appellees.

No. 80CA0685.

Colorado Court of Appeals, Div. I.

Dec. 26, 1980.

Rehearing Denied Jan. 29, 1981.

Certiorari Denied April 20, 1981.

Solomon & Zimmerman, P. C., David A. Solomon, Bruce C. Bernstein, Denver, for plaintiffs-appellants.

Max P. Zall, Robert M. Kelly, John L. Stoffel, Jr., Denver, for defendants-appellees.

COYTE, Judge.

Roundup Foundation, Inc. and Roundup Fellowship, Inc., (Roundup) appeal from the judgment of the trial court affirming the decision of the Denver Board of Adjustment. We affirm.

The following facts are undisputed. Roundup Fellowship, Inc., was licensed by the State Department of Social Services to operate a residential child care facility at a specific location in Denver. However, in September 1978, Roundup began to operate a group home for mentally retarded children at that location. After being informed by the Department of Zoning Administration that this was not a permitted use in the R–2 zoned district in which the residence was located, Roundup appealed that ruling to the Board of Adjustment.

While Roundup was awaiting a hearing before the Board, the Denver City Council passed the Homes for the Developmentally Disabled Persons Ordinance, *Denver Revised Municipal Code* § 611.6–4(3)(k).

The board affirmed the decision of the Department of Zoning Administration, in part, because of the requirement in the new ordinance that no new group home may be located within 2000 feet of an existing home for developmentally disabled persons.

## I.

■ Roundup contends that the use as a group home of its residence in an R–2 zoned district constitutes a single unit dwelling and thus a use by right. We disagree.

Roundup does not contend that the persons at its child care facility are related as required under the express language of the ordinance, which defines a "single unit dwelling" in terms of specified familial relationships. *Denver Revised Municipal Code* § 619.400. Roundup urges us to extend that language by analogy to include familial-like relationships. Nothing in the language of the ordinance justifies this extension.

Thus, the Board correctly found that Roundup's use of a single family dwelling in an R–2 district as a residential child care facility occupied by persons not related as defined by the ordinance violates the permitted uses enumerated for the R–2 district. *Denver Revised Municipal Code* § 612.3–3(1)(e).

## II.

■ Roundup also contends that the Board of Adjustment abused its discretion and exceeded its jurisdiction when it decided that Roundup's facility was not a lawful use at the time of its establishment. We disagree.

Group homes for developmentally disabled persons are permitted in residential neighborhoods as a matter of state-wide concern. Sections 31–23–301(4) and 31–23–303(2), C.R.S.1973 (1977 Repl. Vol. 12). At the time of the establishment of the Roundup facility, Roundup was not licensed as a group home and no Denver ordinance expressly regulated such group homes.

Roundup argues that at the time of the establishment of its facility it had complied with the relevant zoning ordinances and that after the passage of the Denver ordinance prohibiting homes for developmentally disabled persons within 2000 feet of one another, it complied as a non-conforming use.

However, Roundup's facility was not a state-licensed group home for developmentally disabled persons prior to the passage of the Denver ordinance. Section 27–10.5–133(2.5), C.R.S.1973 (1979 Cum. Supp.) expressly requires that state licensed group homes for the developmentally disabled have a license from the State Department of Health. Roundup had no such license. It had only a license from the State Department of Social Services to operate a residential child care facility. Since its facility did not qualify as a group home for developmentally disabled persons prior to the passage of the Denver ordinance regulating such homes, it does not qualify as a nonconforming use after the passage of the ordinance.

## III.

Roundup also contends that the Denver ordinance regulating group homes for the developmentally disabled is unconstitutional as applied to Roundup. We do not consider the merits of this contention since we conclude that the Denver ordinance does not apply to the Roundup facility.

■ The Roundup facility contained only mentally retarded children. Mentally retarded children are within the definition of developmentally disabled persons. *Denver Revised Municipal Code* § 619.182. However, the residential child care license from the State Department of Social Services which is the only license possessed by Roundup permits the use of the facility for the care of children who are *not* developmentally disabled.

■ The Board found that the license by the State Department of Social Services is not a proper license under *Denver Revised Municipal Code* § 611.6–4(3)(k) because that license would permit a broader use of the property than intended by the ordinance which defines "homes for developmentally disabled persons" as "for the exclusive use of not more than eight developmentally disabled persons . . . ." *Denver Revised Municipal Code* § 619.182.

This interpretation is entitled to great deference by a reviewing court. *See Traveler's Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976). We find nothing in the record or in the language of the ordinance to suggest that the Board has misconstrued this ordinance. Thus, the Board correctly found that Roundup had failed to fulfill the licensing requirements of the Denver ordinance.

Since we have concluded that the Roundup facility is not a state licensed group home for developmentally disabled persons, it does not have standing to challenge the constitutionality of the Denver ordinance regulating such group homes. *See Berman v. Denver*, 156 Colo. 538, 400 P.2d 434 (1965).

Judgment affirmed.

PIERCE and RULAND, JJ., concur.