Van KRATZENSTEIN and Diane Kratzenstein, Plaintiffs-Appellees,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF WELD, Colorado, and the County of Weld, Colorado, Defendants-Appellants.

No. 83CA0223.

Colorado Court of Appeals,
Div. III.

Dec. 8, 1983.

Dinner, Hellerich & Lazar, Thomas E. Hellerich, Greeley, for plaintiffs-appellees.

R. Russell Anson, Asst. County Atty., Greeley, for defendants-appellants.

TURSI, Judge.

Defendants, Weld County and its Board of County Commissioners (County), appeal the decision of the trial court awarding plaintiffs, Van and Diane Kratzenstein, $8,213 compensation in an inverse condemnation proceeding. The County contends that the injury complained of is not a "taking" within the meaning of the Colorado Constitution. It asserts that plaintiffs' claim is for negligently caused damages, but that they are precluded from recovering those damages because of failure to give notice as required by the Colorado Governmental Immunity Act. We agree with the County and therefore reverse.

In 1977, plaintiffs purchased residential property located at 5520 24th Street, in Greeley. In 1977, property owners along 24th Street and Fairway Lane, an intersecting street, sought to create an improvement district for the purpose of paving the two streets. The County refused to assume responsibility for paving the streets, but, in return for compensation, agreed to grade and design the streets for the property owners. The property owners obtained independent contractors for the construction.

The paving of the streets, and installation of curbs and gutters, resulted in a 7 to 9 inch increase in elevation of 24th Street. As a result of the rise in elevation, the plaintiffs experienced drainage problems causing flooding in the front yard and basement of their home.

The plaintiffs filed a complaint in the trial court on the several grounds of inverse condemnation, breach of warranty, negligence, and trespass. The action was pursued on an inverse condemnation basis, and the trial court conducted an eminent domain proceeding. *See Ossman v. Mountain States Telephone & Telegraph Co.,* 184 Colo. 360, 520 P.2d 738 (1974). The basis of the plaintiffs' claim for relief is that the design of the streets was "faulty." The plaintiffs assert that County should have designed and graded the streets at a lower level, and as a result of the County's negligent failure to do so, their property is subject to severe drainage damage.

Finding that plaintiffs' severe drainage problems constitutes a taking under the Colorado Constitution, *Colo. Const.* Art. II, Sec. 15, the trial court entered the inverse condemnation judgment here appealed from. This section states in pertinent part:

"Private property shall not be taken or damaged, for public or private use, without just compensation."

Inverse condemnation is the "taking" of private property for public or private use, without compensation, by a governmental or public entity which has refused to exercise its eminent domain power. *Gold Run, Ltd. v. Board of County Commissioners,* 38 Colo.App. 44, 554 P.2d 317 (1976). Inverse condemnation proceedings are appropriate where the underlying activity warrants condemnation pursuant to the entity's eminent domain power. *Gold Run, Ltd., supra. Ossman v. Mountain States Telephone & Telegraph Co.,* 32 Colo.App. 230, 511 P.2d 517 (1973), *rev'd on other grounds, supra.*

Here, private property has not been "taken" within the meaning of our constitution. The County designed and graded the streets at the request of the property owners. There was neither a change in the use of the streets, nor a new appropriation of private property. *See State v. Dart,* 23 Ariz. 145, 202 P. 237 (1921).

Moreover, flooding which can be prevented at the expense of adjustments to the property by the property owner does not constitute a taking. *Manigault v. Springs,* 199 U.S. 473, 26 S.Ct. 127, 50 L.Ed. 274 (1905). *See also Nelson v. Wilson,* 239 Minn. 164, 58 N.W.2d 330 (1953). Also, the evidence in the record indicates that the County warned the property owners that paving and curbing the streets may require adjustments to their property. And, although several of the property owners have adjusted the grade of their yard or driveway to accommodate the new level of 24th Street, the plaintiffs have not done so.

We note that early Colorado decisions did favor inverse condemnation proceedings in similar public improvement cases. This was

because the doctrine of sovereign immunity otherwise would mandate the result of *damnum absque injuria.* *See Board of County Commissioners v. Adler,* 69 Colo. 290, 194 P. 621 (1920). However, in light of the judicial abolition of governmental and sovereign immunity, *Evans v. Board of County Commissioners,* 174 Colo. 97, 482 P.2d 968 (1971), and the enactment of the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S.1973 (1982 Repl. Vol. 10) (the Act), which provides avenues of recourse whereby public entities are subject to actions for damages, this situation no longer exists.

■■■■ The injury to the plaintiffs' property does not constitute a taking; therefore, it was necessary for the plaintiffs to comply with the Act. As a condition precedent to bringing an action pursuant to the Act, claimants must supply the public entity with written notice. Section 24–10–109, C.R.S.1973 (1982 Repl.Vol. 10). Failure to provide proper notice renders the complaint subject to dismissal at any stage of the proceedings. *Jones v. Northeast Durango Water District,* 622 P.2d 92 (Colo.App.1980). Plaintiffs have not alleged or proven compliance with the notice requirement; therefore the complaint must be dismissed.

The judgment of the trial court is reversed and the cause is remanded with directions to dismiss the plaintiffs' complaint.

STERNBERG and BABCOCK, JJ., concur.