Marvin **SHERMAN** and Marie Sherman,
Plaintiffs-Appellants,

v.

The **CITY OF COLORADO SPRINGS
PLANNING COMMISSION** and the
City Council of the City of Colorado
Springs, Defendants-Appellees.

No. 85CA0363.

Colorado Court of Appeals,
Div. I.

July 17, 1986.

Rehearing Denied Aug. 14, 1986.

Certiorari Granted (Sherman)
Dec. 15, 1986.

Kane & Donley, HayDen W. Kane, Mark
H. Kane, Colorado Springs, for plaintiffs-
appellants.

James G. Colvin, II, City Atty., Jackson
L. Smith, Asst. City Atty., Colorado
Springs, for defendants-appellees.

STERNBERG, Judge.

In this action for damages, plaintiffs,
Marvin and Marie Sherman, appeal from a
summary judgment granted in favor of de-
fendants, the City of Colorado Springs
Planning Commission and the Colorado
Springs City Council. We affirm.

This dispute began with the Shermans'
efforts to build a 14–story apartment build-
ing on their five acres of property. The
land was zoned to allow for such develop-
ment. However, the City had adopted an
ordinance requiring approval of a "develop-
ment plan" as a condition to issuance of a
building permit in certain zones, including
that zone within which the subject property
fell. The Shermans submitted a develop-
ment plan but it was rejected. They filed
suit in the district court which denied relief,
but on appeal, this court reversed, conclud-
ing that the city had "abused its discretion
or exceeded its jurisdiction in relying on
the development plan ordinance to reject a
plan which complied with the existing zon-
ing guidelines for residential high-rise de-
velopment." *Sherman v. City of Colora-
do Springs*, 680 P.2d 1302 (Colo.App.1983).

There, we pointed out that the municipal-
ity could have gained flexibility in the exer-
cise of its discretion by enacting a planned
unit development ordinance, but that be-
cause "the zoning body has determined
that the health, safety, and general welfare
are best promoted by zoning land for resi-

dential high-rise purposes ... that body may not thereafter attempt to reserve to itself the discretion to decide which of the complying land uses will be permitted." Accordingly, we held that the trial court had erred in not granting relief under C.R. C.P. 106(a)(4) and C.R.C.P. 106(a)(2).

Following remand from this court, the Shermans moved in the trial court to set the matter for a hearing on damages pursuant to C.R.C.P. 106(a)(2). However, the trial court granted summary judgment to the city, holding that "short of a taking of private property for public use without compensation, the state and its entities are not liable for damages in effectuating their zoning authority...." The court also held that the doctrine of sovereign immunity provided a complete defense to Shermans' claim for damages.

■ On appeal, the Shermans assert their suit was essentially in the nature of mandamus and argue that the language in C.R.C.P. 106(a)(2), that the "judgment shall include any damages sustained," requires entry of a judgment awarding them damages. On the other hand, with certain exceptions not germane here, under § 24–10–108, C.R.S., the doctrine of sovereign immunity is "available to a public entity as a defense to an action for injury." Thus, there is an apparent conflict between the mandatory language concerning damages in C.R.C.P. 106(a)(2) and the statutory provisions concerning the doctrine of sovereign immunity. However, the fact that the rule governing mandamus-type actions allows for, indeed directs, that damages be entered cannot have the effect of amending the statute. Where there is a conflict between a statute and a rule, the former must govern; rules of court can neither abridge, enlarge, nor modify substantive rights of a litigant. Section 13–2–108, C.R.S. (1985 Cum.Supp.); *Fastenau v. Engel*, 129 Colo. 440, 270 P.2d 1019 (1954).

The case of *City of Colorado Springs v. Street*, 81 Colo. 181, 254 P. 440 (1927) does not mandate a different result. There, an ordinance provided that no dry cleaning businesses could be operated except by permit of the city council. The permit was denied by the city council, and the court upheld an award of nominal damages plus costs against the council members who had voted against approving a permit. Even if that holding may be considered as good law today, the unique result appears to have been based on there being no ordinance provision allowing for an exercise of discretion by the city council, and the issue of the liability of the city itself was not addressed.

■ Here, on the other hand, there was an ordinance valid on its face requiring submission of a developmental plan which ordinance purportedly gave authority to deny the plan. Moreover, here, we are dealing with a pure exercise of the city's police power.

In this case, the only remedy available to the Shermans is that which they obtained: invalidation of the regulation, not damages. *See Mountain Medical, Inc. v. Colorado Springs*, 43 Colo.App. 391, 608 P.2d 821 (Colo.App.1979); *Gold Run, Ltd. v. Board of County Commissioners*, 38 Colo.App. 44, 554 P.2d 317 (1976). A contrary ruling would both ignore the statutory defense of sovereign immunity and would have a chilling effect on a governmental entity's willingness to exercise its police power. *See Agins v. City of Tiburon*, 24 Cal.3d 266, 157 Cal.Rptr. 372, 598 P.2d 25 (1979), *aff'd*, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980).

The judgment is affirmed.

SMITH, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge.

I dissent.

The doctrine of sovereign immunity "shall be recognized only to such extent as may be provided by statute." Section 24–10–102, C.R.S. (1982 Repl.Vol. 10). The governmental immunity act on which the trial court relies expressly covers actions which "lie in or could lie in tort." Section 24–10–105, C.R.S. (Addendum to 1985 Cum. Supp.). Thus, as the majority states, the act provides that sovereign immunity "shall be available to a public entity as a defense to an action for injury." Section

24–10–108, C.R.S. (1982 Repl.Vol. 10). However, the case here is in the nature of mandamus; it is not an action for injury, and could not lie in tort. *See Jones v. Northeast Durango Water District,* 622 P.2d 92 (Colo.App.1980). Therefore, the doctrine of sovereign immunity does not apply here.

In addition, I do not agree with the majority's characterization of this action as an exercise of police power.

Although the Shermans also pled in the alternative under C.R.C.P. 106(a)(4), the essential character of their complaint was in the nature of mandamus C.R.C.P. 106(a)(2), because they sought to compel approval of their development plan by the city. Approval of the Shermans' plan was a "nondiscretionary ministerial function," and therefore, obtaining that approval was a remedy expressly within the ambit of C.R.C.P. 106(a)(2). *Sherman v. City of Colorado Springs,* 680 P.2d 1302 (Colo.App.1983).

Conversely, the exercise of police power, as was at issue in *Gold Run, Ltd. v. Board of County Commissioners,* 38 Colo.App. 44, 554 P.2d 317 (1976), is discretionary and, therefore, is properly reviewable under C.R.C.P. 106(a)(4), not under C.R.C.P. 106(a)(2).

The legislative acts such as zoning, rezoning, or enactment of ordinances, even if improper, find their judicial remedy in the undoing of the wrongful legislation, not in money damages awarded against the state. *Mountain Medical, Inc. v. City of Colorado Springs,* 43 Colo.App. 391, 608 P.2d 821 (1979); *Hermanson v. County Commissioners,* 42 Colo.App. 154, 595 P.2d 694 (1979); *Gold Run, Ltd., supra.* Therefore, absent an unconstitutional "taking" of private property for public use without compensation, money damages for diminution of property value based on the theory of inverse condemnation by legislative act cannot be recovered. *See Hermanson, supra.* The premise of this conclusion is that such recovery and actions in inverse condemnation, if allowed, would have a chilling effect on a governmental entity's exercise of its police power. *See Agins v. City of Tiburon,* 24 Cal.3d 266, 157 Cal.Rptr. 372, 598 P.2d 25 (1979), *aff'd,* 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980).

However, in the case at bar, the Shermans did not attack the city's legislative actions, nor its exercise of police power, nor its power of eminent domain. On the contrary, they attacked the city's nondiscretionary exercise of a ministerial function with regard to the approval of their complying development plan. *Sherman, supra.* Therefore, money damages are not prohibited by the principle enunciated in *Gold Run, Ltd., supra,* and its progeny. Moreover, here, the only possible chilling effect would be to discourage cities from exercising discretion not afforded them. *See Sherman, supra.*

Accordingly, because the Shermans' action is in the nature of mandamus, the "judgment shall include any damages sustained." C.R.C.P. 106(a)(2). In this regard, the court has no discretion. *City of Colorado Springs v. Street,* 81 Colo. 181, 254 P. 440 (1927). Hence, the trial court erred in not affording the Shermans the opportunity to prove any damages which they sustained. *See City of Colorado Springs v. Street, supra.*

I would, therefore, reverse the judgment.