Lane B. JORGENSON,
Plaintiff–Appellant,

v.

CITY OF AURORA, Colorado, a
municipal corporation,
Defendant–Appellee.

No. 86CA1434.

Colorado Court of Appeals,
Div. IV.

Aug. 18, 1988.

As Modified on Denial of Rehearing
Sept. 8, 1988.

Certiorari Denied Jan. 23, 1989.

Musick and Cope, Joseph A. Cope, Boulder, for plaintiff-appellant.

Charles H. Richardson, Marcia G. O'Brien, Aurora, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Lane B. Jorgenson, appeals the dismissal of his damage claims against the City of Aurora for inverse condemnation and deprivation of his civil rights. We affirm in part and reverse in part.

Jorgenson alleged that in 1982 he applied to Aurora for approval of a plan for land he was proposing to develop. The plan was to detain storm runoff water in a series of ponds which would in turn drain at a historical rate of flow into the Highline Canal, an irrigation ditch bordering the land, owned by the City and County of Denver.

Aurora disapproved Jorgenson's drainage plan, and required him to re-route the drainage from his land. This necessitated his building an underground storm sewer across and along Aurora's streets to connect with an existing storm sewer several blocks away.

Jorgenson filed his complaint claiming damages for the inverse condemnation of his alleged historic easement entitling him to discharge drainage waters into the Highline Canal and for the deprivation of his civil rights under 42 U.S.C. § 1983. Aurora moved to dismiss, asserting its sovereign immunity, Jorgenson's failure to join the City and County of Denver as an indispensable party, his failure to give notice in accordance with the Colorado Governmental Immunity Act, and his failure to state a claim under 42 U.S.C. § 1983.

At the hearing on Aurora's motion, the trial court raised the issue of exhaustion of administrative remedies. The trial court thereafter entered a one-sentence minute order granting the City's motion to dismiss, without specifying its reasons.

## I.

■ Jorgenson first contends that the City and County of Denver is not an indispensable party to his inverse condemnation action. We agree.

Compliance with C.R.C.P. 19(a) is mandatory. *Potts v. Gordon*, 34 Colo.App. 128, 525 P.2d 500 (1974). C.R.C.P. 19(a) provides that:

"A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Whether a party is indispensable depends on the facts of each case. *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882 (Colo.1986).

Aurora asserted that Denver was an indispensable party under C.R.C.P. 19(a) because Denver owns the Highline Canal. However, Jorgenson claims that Aurora appropriated his drainage easement and that its action constituted a deprivation of his civil rights.

The storm sewer and drainage system were completed and placed into service be-

fore this action was filed. Any relief granted to Jorgenson in this case will not result in drainage being turned into Denver's ditch, and will have no bearing on Denver's ability to protect its interests in the canal. Rather, Jorgenson seeks damages from Aurora because of its actions, and complete relief between Jorgenson and Aurora can be given without affecting Denver's interests. Thus, C.R.C.P. 19(a) does not compel Denver's joinder.

## II.

Jorgenson next asserts that the trial court erred in dismissing his inverse condemnation claim. We agree.

### A.

■ Jorgenson first argues that the Colorado Governmental Immunity Act, § 24–10–101, et seq, C.R.S. (1982 Repl. Vol. 10), does not apply to an inverse condemnation claim. We agree.

"[A]n inverse condemnation action is based on Article II, section 15 of the Colorado Constitution." *Ossman v. Mountain States Telephone & Telegraph Co.*, 184 Colo. 360, 520 P.2d 738 (1974). And, since an inverse condemnation claim is based on the "taking" clause of the constitution, it is to be tried as a special statutory proceeding under the eminent domain statute and cannot be joined in the same action with the common law tort of trespass. *Ossman v. Mountain States Telephone & Telegraph Co., supra.* See also § 38–1–101, et seq., C.R.S. (1982 Repl. Vol. 16A). Given the constitutional genesis of a claim for inverse condemnation, and considering the nature of the right upon which this action is founded, we hold that this claim is not subject to the limitations of the Governmental Immunity Act. *See Srb v. Board of County Commissioners*, 43 Colo. App. 14, 601 P.2d 1082 (1979); *cf. State Personnel Board v. Lloyd*, 752 P.2d 559 (Colo.1988).

### B.

■ Jorgenson also contends that if the trial court's dismissal was based on his alleged failure to state a claim in inverse condemnation, the decision was in error. Again, we agree.

We consider the allegations of Jorgenson's complaint as true for the purpose of review of the propriety of dismissal on the pleadings. *See Abts v. Board of Education*, 622 P.2d 518 (Colo.1980); C.R.C.P. 12(b)(5).

"Inverse condemnation is the taking of private property for public or private use, without compensation, by a governmental or public entity which has refused to exercise its eminent domain power. Inverse condemnation proceedings are appropriate where the underlying activity warrants condemnation pursuant to the entity's eminent domain power."

*Kratzenstein v. Board of County Commissioners*, 674 P.2d 1009 (Colo.App.1983).

The owner of land which in its natural state drains toward a ditch may have an easement to discharge storm drainage into that ditch. *See City of Boulder v. Boulder & White Rock Ditch & Reservoir Co.*, 73 Colo. 426, 216 P. 553 (1923). Here, Jorgenson alleged that his drainage plan only continued the natural, historical condition consistent with his drainage easement.

Jorgenson further alleged that the taking here was Aurora's appropriation of this existing drainage easement by the adoption of an ordinance seeking to accommodate its agreement with Denver that entitled Aurora to an interest in the use of the canal. It was also alleged that Aurora has paid nothing for the easement, and that Aurora is a home rule city which has failed to exercise its power of eminent domain to obtain the easement under § 38–6–101, et seq., C.R.S. (1982 Repl. Vol. 6A).

We conclude that the complaint alleged sufficient facts to plead a claim for inverse condemnation. *See Hermanson v. Board of County Commissioners*, 42 Colo.App. 154, 595 P.2d 694 (1979).

### C.

We find no merit in Aurora's contention that Jorgenson may not maintain an inverse condemnation action here but is limit-

ed to a declaratory judgment action or C.R. C.P. 106 proceeding to invalidate Aurora's drainage regulation. *First Evangelical Lutheran Church v. County of Los Angeles,* — U.S. —, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987) is dispositive of this contention.

Furthermore, we agree with Jorgenson that, while failure to exhaust administrative remedies may, in appropriate circumstances, bar an action for judicial review, here, certiorari review is an alternate, not exclusive remedy and does not bar Jorgenson's inverse condemnation claim. *See Hermanson v. Board of County Commissioners, supra.*

### III.

Finally, Jorgenson asserts that the trial court erred in dismissing his 42 U.S.C. § 1983 claim. We disagree.

In *Williamson Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the Supreme Court held that:

> "[B]ecause the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State action here is not complete until the State fails to provide adequate compensation for the taking ... respondent has not shown that inverse condemnation is unavailable or inadequate, and until it has utilized that procedure, its taking claim is premature.

*Williamson* is dispositive of Jorgenson's 42 U.S.C. § 1983 claim here insofar as it is grounded in the just compensation clauses of the Colorado and United States Constitutions because, as held in part II above, Jorgenson has available the remedy of inverse condemnation.

We further hold that a due process analysis is inapplicable to a "taking" claim under the just compensation clauses of the Colorado and United States Constitutions. *See First Evangelical Lutheran Church v. County of Los Angeles, supra; Pennsyl-*

*vania Coal Co. v. Mahon,* 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922).

Jorgenson's equal protection argument also fails because he admits he was treated the same as other landowners who wish to develop their property. *See Atkinson v. City of Forth Collins,* 583 F.Supp. 567 (1984). Therefore, the trial court was correct in dismissing the § 1983 claim.

The judgment of dismissal is affirmed as to Jorgenson's 42 U.S.C. § 1983 claim. It is reversed as to his claim for inverse condemnation, and the cause is remanded for further proceedings on that claim.

HUME and NEY, JJ., concur.