Sig PATZER, individually, d/b/a Sig Patzer Construction, and Sig Patzer Construction, Inc., Plaintiffs–Appellees,

v.

CITY OF LOVELAND, a municipal corporation, Defendant–Appellant.

No. 02CA1359.

Colorado Court of Appeals, Div. IV.

Sept. 25, 2003.

910

Zak, Fox & Pehr, P.C., James J. Zak, Westminster, Colorado, for Plaintiffs–Appellees.

Berg Hill Greenleaf & Ruscitti, LLP, Josh A. Marks, Boulder, Colorado; Hall & Evans, L.L.C., Melanie B. Lewis, Edmund M. Kennedy, Denver, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant, the City of Loveland, appeals from that part of the trial court's order denying its motion seeking dismissal, on governmental immunity grounds, of the breach of contract and promissory estoppel claims brought by plaintiffs, Sig Patzer d/b/a Sig Patzer Construction, and Sig Patzer Construction, Inc. We reverse and remand with directions.

This action concerns the City's failure to issue a certificate of occupancy upon plaintiffs' completion of a residence in accordance with a building permit the City had issued. Plaintiffs alleged that in refusing to issue the certificate of occupancy, the City improperly relied on a hydraulic report completed after the building permit had been issued. That report showed that a portion of the property encroached on the 100–year flood plain, and thus it varied from the report prepared by plaintiffs' engineering firm that had been used to obtain the building permit.

Following negotiations among plaintiff, the City, and the engineering firm, the City agreed to rely on the engineering firm's report and issued the certificate of occupancy.

Plaintiffs brought this action seeking as damages the costs they incurred as a result of being unable to market the property until the City issued the certificate of occupancy. The City moved to dismiss plaintiffs' claims as barred by the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2002.

The trial court granted the City's motion as to plaintiffs' negligence claim, but denied it as to their breach of contract and promissory estoppel claims. The City then brought this appeal pursuant to § 24–10–108, C.R.S. 2002.

The City contends that plaintiffs' claims for breach of contract and promissory estoppel sound in tort and are therefore barred by the GIA. We agree with the City that the building permit does not support a contractual obligation or promise by the City to issue a certificate of occupancy and that plaintiffs' claims thus are barred by the GIA.

■ Except as set forth in the GIA, "[a] public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant." Sections 24–10–106(1), 24–10–108, C.R.S.2002; *City & County of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759 (Colo.1992). The GIA is not intended to apply to actions grounded in contract. *See State Pers. Bd. v. Lloyd*, 752 P.2d 559 (Colo. 1988).

■ In evaluating a claim under the GIA, the form of the complaint is not determinative of whether the claim is based in tort or contract. Rather, the dispositive question is whether the claim is a tort claim or could be a tort claim for purposes of the GIA. In barring not only tort claims but also claims which could lie in tort, the GIA mandates close examination of the pleadings and undisputed evidence. *Berg v. State Bd. of Agric.*, 919 P.2d 254 (Colo.1996). The court should look at the nature of the alleged injury and the relief sought, and examine whether the injury arises from the terms of a contract. *CAMAS Colo., Inc. v. Bd. of County Comm'rs*, 36 P.3d 135 (Colo.App.2001).

## I.

First, we disagree with plaintiffs that their claims sound in contract.

■ In their complaint, plaintiffs did not point to any specific contractual language upon which they based their breach of contract claim. Rather, they argued that the issuance of the building permit created a contractual obligation to issue a certificate of occupancy if plaintiffs met certain conditions for approval. We reject that argument.

■ A building permit is "a license granted by a government agency (esp[ecially] a municipality) for the construction of a new building or a substantial alteration of an existing structure." *Black's Law Dictionary* 189 (7th ed.1999). Generally, the legal interest conveyed by a license is "merely a personal privilege to do some particular act or series of acts," and ordinarily, the license is revocable at the will of the licensor. *Lehman v. Williamson*, 35 Colo.App. 372, 375, 533 P.2d 63, 65 (1975).

Licenses are issued for a variety of purposes by state and local governments, including the regulation of businesses, professions, and particular uses of property. *See, e.g., Hillside Cmty. Church v. Olson*, 58 P.3d 1021 (Colo.2002)(height variance of structure); *City of Colorado Springs v. 2354, Inc.*, 896 P.2d 272 (Colo.1995)(sexually oriented businesses); *Mountain Med., Inc. v. City of Colorado Springs*, 43 Colo.App. 391, 608 P.2d 821 (1979)(ambulance services); *Kourlis v. Port*, 18 P.3d 770 (Colo.App.2000)(animals living on real property); *Leichliter v. State Liquor Licensing Auth.*, 9 P.3d 1153 (Colo. App.2000) (liquor licensing); *Roundup Found., Inc. v. Bd. of Adjustment*, 626 P.2d 1154 (Colo.App.1980)(group homes).

■ In *Mountain Medical Inc. v. City of Colorado Springs, supra*, a division of this court held that the city's licensing and regulation of ambulance services did not create a contract between the city and the ambulance company such that the city was obligated to pay for services provided to individuals who failed to pay the ambulance company. "A license has none of the elements of a contract and does not confer an absolute right but a personal privilege to be exercised under existing restrictions and such as may thereafter be reasonably imposed." *Mountain Med., Inc. v. City of Colorado Springs, supra*, 43 Colo.App. at 393, 608 P.2d at 823 (quoting *Rosenblatt v. Cal. State Bd. of Pharmacy*, 69 Cal.App.2d 69, 158 P.2d 199 (1945)). As the division noted: "A license merely 'confers the right to do that which without the license would be unlawful.'" *Mountain Med., Inc. v. City of Colorado Springs, supra*, 43 Colo. App. at 393, 608 P.2d at 823 (quoting *Antlers Athletic Ass'n v. Hartung*, 85 Colo. 125, 274 P. 831 (1928)).

Similarly, the building permit here merely granted a revocable license authorizing construction. The purpose of the permit was to ensure that construction was undertaken in an approved manner. *See Trevino & Gonzalez Co. v. R.F. Muller Co.*, 949 S.W.2d 39, 42 (Tex.App.1997). There was neither an agreement by the City to issue a certificate of occupancy once construction was completed, nor consideration to support any such agreement.

Indeed, that the permit was intended as a license, not a contract, is evidenced by its plain terms. The permit was issued with "agreement that all work will be done according to the conditions set forth in the [permit]," and that plaintiffs "understand[ ] and accept[ ] the conditions stated above *for issuance of the building permits*" (emphasis added). Conversely, the permit contains no agreement, consideration, or promise that a certificate of occupancy would be issued if those conditions were met.

■ Moreover, the issuance of a building permit is an exercise of the City's police powers, *see Van Sickle v. Boyes*, 797 P.2d 1267 (Colo.1990), which include, as relevant here, the regulation of flood control. *See Morrison v. City of Aurora*, 745 P.2d 1042 (Colo.App.1987). If the mere issuance of a building permit were to create a binding obligation to issue a certificate of occupancy, as plaintiffs argue, the City's ability to protect the health, safety, and welfare of the public would be seriously hampered. *See Van Sickle v. Boyes, supra* (although a building permit can form the basis of a vested right, reliance on permit does not insulate

permit holder from changes made under the police power for the protection of the public); *see also King's Mill Homeowners Ass'n v. City of Westminster,* 192 Colo. 305, 557 P.2d 1186 (1976)(a municipality cannot contract away its police powers); *Crossroads West L.L.C. v. Town of Parker,* 929 P.2d 62 (Colo. App.1996)(same).

Cases from other jurisdictions that have considered the issue have similarly concluded that a typical building permit, such as the one here, does not create a contractual obligation between the city and the permittee. *See, e.g., Vari–Build, Inc. v. City of Reno,* 596 F.Supp. 673 (D.Nev.1984); *Thomas Learning Ctr., Inc. v. McGuirk,* 766 So.2d 161 (Ala.Civ.App.1998) (plurality opinion); *Trevino & Gonzalez Co. v. R.F. Muller Co., supra.*

Accordingly, we conclude that the issuance of the building permit did not constitute a contract between plaintiffs and the City, and therefore does not support their breach of contract claim.

## II.

Plaintiffs next assert that the building permit supports a claim based on promissory estoppel. Again, we disagree.

 Promissory estoppel is an extension of the basic contract principle that one who makes promises must be required to keep them. *Bd. of County Comm'rs v. De-Lozier,* 917 P.2d 714 (Colo.1996). The elements of promissory estoppel are: (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promisee; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice. *Berg v. State Bd. of Agric., supra.*

Whether a claim characterized as promissory estoppel is a contract or a tort claim is determined on a case-by-case basis, by examining the pleadings and the undisput-ed evidence. A claim that is based not on a promised performance in the future, but rather on an alleged misrepresentation of facts, is fundamentally a tort claim and barred by the GIA. *Lehman v. City of Louisville,* 857 P.2d 455 (Colo.App.1992).

Here, plaintiffs allege that the building permit implied a promise to issue a certificate of occupancy. As discussed, however, the permit, by its plain terms, contains no such promise. Even if we assume plaintiffs stated a claim for negligent misrepresentation regarding the acceptability of the initial engineering report, such a claim would sound in tort and is thus barred by the GIA because it does not fall within one of the statutory provisions waiving a public entity's immunity from suit. *See* § 24–10–106(1).

The order is reversed as to plaintiffs' claims for breach of contract and promissory estoppel, and the case is remanded to the trial court with directions to grant the City's motion to dismiss these claims.

Judge GRAHAM and Judge STERN-BERG * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.