24CA1011 Gilbertson v Paonia 01-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1011
Delta County District Court No. 24CV1
Honorable Mary E. Deganhart, Judge

Erik Gilbertson,

Plaintiff-Appellee,

v.

Town of Paonia and Stefen Wynn,

Defendants-Appellants.

ORDER AFFIRMED

Division I
Opinion by JUDGE YUN
J. Jones and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

Erik Gilbertson, Pro Se

Goldman, Nicholson & Mack, P.C., Josh W. Mack, Durango, Colorado, for
Defendants-Appellants

¶ 1    The defendants, the Town of Paonia (the Town) and its Town Administrator, Stefen Wynn (the Administrator), appeal the district court's order denying in part their motion under the Colorado Governmental Immunity Act (CGIA), §§ 24-10-101 to -120, C.R.S. 2024, to dismiss claims brought by the plaintiff, Erik Gilbertson. We affirm.

## I.    Background

¶ 2    The following facts are undisputed for purposes of this interlocutory appeal.

¶ 3    Although Gilbertson's property is outside the Town's boundaries, it has received water service from the Town's municipal water system for years. The Town charges water users a base rate plus a fee based on actual water usage. Before Gilbertson acquired the property, the Town allowed the previous owner to self-report water usage; however, there was a period of time during which the previous owner was subject to conservatorship and did not report usage. After Gilbertson acquired the property, he likewise did not report water usage, and the Town thus charged him only the base rate.

¶ 4        On January 23, 2023, a member of the Town's Public Works Department (the Department) went to Gilbertson's property to locate the water meter. Gilbertson told him that the water meter was in the basement. As relevant here, the Paonia Municipal Code (the Code) provides that, if a water meter is located "inside a structure," the property owner "may be required to relocate their meter or install a remote radio meter." Paonia, Colo., Mun. Code § 13-1-90 (2023). If the property owner "has not made satisfactory remedy within forty-five (45) days of a written notice from the Town, the Town may relocate the meter in question [or] install a radio meter." *Id.*

¶ 5        Two days later, several Department members went to Gilbertson's property and attempted to install a radio meter. Gilbertson was not at home, and his wife refused entry. Later that day, Gilbertson called the Department and requested a written notice from the Town.

¶ 6        On January 31, the Town shut off Gilbertson's water service and taped a letter signed by the Administrator to his door accusing him of water theft. The same day, Gilbertson sent a letter to the Department explaining that he considered a radio meter "a harmful

device" and offering to allow inspection of the water meter and to self-report water usage by "tak[ing] a picture [of the meter] and bring[ing] it to the Town of Paonia's office every month with payment."

¶ 7     After two weeks without water, Gilbertson filed suit, alleging the breach of a "trustee-beneficiary relationship" between the Town and himself, a violation of his due process rights under the Colorado Constitution, and a violation of the forty-five day written notice requirement in the Code. As relief, he requested (1) reinstatement of his water service; (2) monetary damages of $3,000 per day without water; (3) monetary damages of $500 per hour spent and $1 per mile traveled in his efforts to get his water turned back on; (4) a letter of apology from the Town; and (5) the removal of the Administrator from office.[1]

¶ 8     The defendants moved to dismiss Gilbertson's claims under C.R.C.P. 12(b)(1), arguing that the district court lacked subject matter jurisdiction because the claims lie in tort or could lie in tort

---

[1] In his amended complaint, Gilbertson requested two additional categories of monetary damages: $525 per month without water to recoup the rent discount he gave to a tenant living on the property, and $6,000 for emergency cistern installation.

3

and, therefore, the CGIA grants the defendants immunity from suit. The district court granted the defendants' motion in part and denied it in part. First, the court found that Gilbertson's claims for damages could lie in tort. Because "the only plausible basis for damages would be the allegation of breach of a 'trustee-beneficiary' relationship," which was "essentially a tort claim for breach of fiduciary duty," Gilbertson's claims for compensatory damages are barred by the CGIA. But the court found that his other claims for relief, which "appear[ed] to seek various forms of injunctive and declaratory relief based on alleged violations of due process and the [Code]," did not lie in tort and therefore are not barred.

¶ 9    The defendants now appeal.

## II.    Analysis

¶ 10    The defendants contend that the district court erred by concluding that Gilbertson's claims seeking injunctive and declaratory relief are not claims that lie in tort or could lie in tort. We are not persuaded.

### A.    Standard of Review

¶ 11    Whether a public entity is immune from suit under the CGIA is a question of subject matter jurisdiction for the district court to

determine in accordance with C.R.C.P. 12(b)(1).  *City of Aspen v. Burlingame Ranch II Condo. Owners Ass'n*, 2024 CO 46, ¶ 23.  The issue under the CGIA is not whether the claim "was properly pled, but whether the claim could have been brought as a tort."  *Casey v. Colo. Higher Educ. Ins. Benefits All. Tr.*, 2012 COA 134, ¶ 19, *abrogated on other grounds by Burlingame*, ¶ 65.  Courts make that determination "on a case-by-case basis through a close examination of the pleadings and undisputed evidence."  *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1004 (Colo. 2008).  When, as here, the alleged jurisdictional facts are not in dispute, the question is one of law that the court can resolve without a hearing.  *Burlingame*, ¶ 23.  And in such a case, our review of the district court's ruling is de novo.  *Id.*

### B.    The CGIA

¶ 12    Section 24-10-108, C.R.S. 2024, of the CGIA states that, with certain exceptions not pertinent here, "sovereign immunity shall be a bar to any action against a public entity for injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant."

¶ 13    The form of the complaint does not determine whether a claim lies or could lie in tort for purposes of the CGIA. *Burlingame*, ¶ 30. Instead, a court must consider the nature of the injury and the relief sought. *Id.* at ¶ 31. As the Colorado Supreme Court has put it,

> [w]hen the injury arises either out of conduct that is tortious in nature or out of the breach of a duty recognized in tort law, and when the aim of the requested relief is to compensate the plaintiff for that injury, the claim likely lies in tort or could lie in tort for purposes of the CGIA.

*Id.* (citing *Robinson*, 179 P.3d at 1003). The nature of the relief sought is not itself dispositive of whether a claim lies or could lie in tort. *Id.* But the relief requested "informs our understanding of the nature of the injury and the duty allegedly breached." *Id.*

¶ 14    Ultimately, the question of whether the CGIA bars a claim "turns on the source and nature of the government's liability, or the nature of the duty from the breach of which liability arises." *Colo. Dep't of Transp. v. Brown Grp. Retail, Inc.*, 182 P.3d 687, 690 (Colo. 2008). The CGIA's immunity "encompasses all claims against a public entity arising from the breach of a general duty of care, as

6

distinguished from contractual relations or a distinctly non-tortious statutorily-imposed duty." *Id.* at 691.

## C. Discussion

¶ 15 The defendants argue that all of Gilbertson's claims "seek redress for perceived personal injury from an alleged violation of a general duty of care." Because the CGIA's immunity encompasses all such claims, they argue, Gilbertson's claims for injunctive and declaratory relief, like his claims for damages, are barred.

¶ 16 But as the district court found, Gilbertson's claims for injunctive and declaratory relief are based on alleged violations of due process and the Code. Specifically, his amended complaint alleges that

- although he sent the Department a letter "asking for evidence of [water] theft, and asking for the water to be turned back on while we investigate the theft allegation," the Town had not provided proof of theft and the water had remained off;

- "[t]he disconnection of [his] water service without proper notice and an opportunity to be heard violates [his] right to due process under the Colorado Constitution"; and

7

- he "was not provided with proper notice before [the Town] demand[ed] a new water meter installation," in violation of section 13-1-90(b) of the Code, which requires forty-five days' written notice before the Town may install a radio meter.

The "nature of the injury" alleged was thus that the Town shut off Gilbertson's water without notice, proof of theft, or an opportunity to present his side of the story — that is, without a fair process, *see Burlingame*, ¶ 31 (quoting *Robinson*, 179 P.3d at 1003), and did so in violation of its own ordinances. As the district court correctly noted, claims with a "constitutional genesis" or based on a non-tortious statutory duty are not subject to the limitations of the CGIA. *See Jorgenson v. City of Aurora*, 767 P.2d 756, 758 (Colo. App. 1988); *Colo. Dep't of Transp.*, 182 P.3d at 691.

¶ 17　　We are not persuaded otherwise by the defendants' argument that Gilbertson did not "allege a cognizable cause of action" or that there is no private right of action to enforce the Colorado Constitution or the Code. While such an argument may form the basis for a C.R.C.P. 12(b)(5) motion, our jurisdiction in this appeal is limited to deciding only whether the CGIA bars Gilbertson's

claims for injunctive and declaratory relief. *See* § 24-10-108; *Podboy v. Fraternal Ord. of Police, Denver Sheriff Lodge 27*, 94 P.3d 1226, 1231-32 (Colo. App. 2004) (only the district court's CGIA ruling is subject to interlocutory appeal). We conclude that the CGIA does not bar those claims.

## III.  Disposition

¶ 18     The order is affirmed.

JUDGE J. JONES and JUDGE BROWN concur.